[No. 60656-1.   En Banc.   March 17, 1994.]

PUGET SOUND ELECTRICAL WORKERS HEALTH AND WELFARE TRUST FUND, ET AL, *Appellants*, v. MERIT COMPANY, ET AL, *Respondents*.

566

*Donaldson, Kiel & McKenzie, P.S.*, by *Kirk McKenzie* and *Michael H. Korpi*, for appellants.

*McGavick Graves, P.S.*, by *Dennis P. Greenlee* and *Elizabeth A. Pauli*, for respondents Merit Company, Reliance Insurance Company, and Auburn School District.

*Hintze, Herrig & Wright*, by *Terry R. Marston II*, for respondents Strand Inc. and Firemen's Fund Insurance Company.

*Ulin & Lambe*, by *Dale R. Ulin*, for respondents Cree Construction Company and Hartford Fire Insurance Company.

*Winter & Poole* and *Paul G. Winter*, for respondents Tullus Gordon Construction Company and Safeco Insurance Company.

DOLLIVER, J. — Plaintiffs, a group of benefit trust funds, appeal the summary judgment dismissal of their claims to collect unpaid employer contributions owed to them by an insolvent subcontractor. The trial court found that Wash-

ington's public works lien statutes, which provide a mechanism for collection of a defaulting subcontractor's obligations from the general contractor, are preempted by the Federal Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001 *et seq*. We agree and affirm the judgments below.

I

The facts relevant to this appeal are not in dispute. The plaintiffs Puget Sound Electrical Workers Health and Welfare Trust Fund, Puget Sound Electrical Workers Pension Fund, Puget Sound Electrical Workers Apprenticeship Training Trust, and National Electrical Benefit Fund (the Trusts) are jointly administered union-management employee benefit trust funds, organized and operated pursuant to ERISA. They bring this action to collect employer contributions owed to the benefit funds by Strouss Electrical Construction, Inc., a subcontractor of defendant general contractors Merit Company, Cree Construction Company, Inc., Strand Incorporated, and Tullus Gordon Construction. The Trusts, in a separate action against Strouss, obtained a judgment for nearly $200,000 of unpaid employer contributions. Because Strouss is insolvent, however, the judgment is uncollectible. The Trusts, therefore, seek to use Washington's public works lien statutes, RCW 39.08 and RCW 60.28, to hold the general contractors liable for their subcontractor's unpaid contributions and to collect from the bonds and retainage funds held by the public agencies for whom work was performed.

RCW 39.08 requires a general contractor on a public works project to execute and deliver a bond to the public agency for the protection of all laborers, mechanics, subcontractors, and materialmen performing the contract work. *See* RCW 39.08.010. The statute grants a right of action to protected parties against the bond. Similarly, RCW 60.28-.010 requires a public agency to retain a sum from the moneys earned by the general contractor as a trust fund for the protection and payment of all persons who furnish labor,

materials, or supplies on the furtherance of the public work. This statute gives lien rights against the fund to the protected persons. *See* RCW 60.28.010(1).

After obtaining the judgment against Strouss, the Trusts brought claims under these statutes to recover against the retainage and bonds of the defendant general contractors. Although employee benefit plans are not specifically listed as protected parties under the statutes, such trust funds have standing to bring an action under these provisions. *See Crabtree v. Lewis*, 86 Wn.2d 282, 544 P.2d 10 (1975).

Pursuant to the statutes, the Trusts filed four lien notices asserting claims for unpaid employee benefit contributions against the payment and performance bonds issued to the defendant general contractors by the defendant insurance companies and against the retainage funds held by the defendant public agencies. The Trusts then commenced actions to foreclose their liens.

When the Trusts moved for summary judgment in the lien foreclosure actions, defendants Merit, Cree, Strand and Tullus Gordon countered by also moving for summary judgments on the grounds that the public works lien statutes were preempted by ERISA. The trial court consolidated the lien foreclosure actions and granted the defendants' motions for summary judgment. The Trusts appealed the decision. We review this case on certification from Division One of the Court of Appeals. We note that after oral argument a settlement was reached between the Trusts and defendants Strand, Firemen's Insurance Company, and the City of Seattle, and the relevant claims were dismissed with prejudice.

## II

ERISA is a comprehensive federal statutory scheme regulating employee pension and welfare plans. It is designed to promote the interests of employees and their beneficiaries in employee benefit plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 77 L. Ed. 2d 490, 103 S. Ct.

2890 (1983). In section 514(a) of the act, ERISA contains a general preemption provision, as do many federal schemes. *See* 29 U.S.C. § 1144(a). ERISA's provision, however, is virtually unique and is "conspicuous for its breadth". *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 112 L. Ed. 2d 356, 111 S. Ct. 403 (1990).

Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). "State law" is defined as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). Under section 514, a state law " 'relates to' " an employee benefit plan, in the normal sense of the phrase, if it has either a connection with or a reference to such a plan. *Shaw*, 463 U.S. at 96-97.

ERISA's preemption provision is intended to promote uniformity among the states. Namely, it ensures that plans and plan sponsors will be subject to a uniform body of benefits law. Congress' goal was to minimize the administrative and financial burden of complying with conflicting directives among states, thereby maximizing the efficiency of the plans. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142, 112 L. Ed. 2d 474, 111 S. Ct. 478 (1990). To these ends, the preemption clause has been interpreted broadly. *FMC Corp. v. Holliday, supra*; *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 85 L. Ed. 2d 728, 105 S. Ct. 2380 (1985).

Several Supreme Court cases interpreting section 514(a) illustrate the breadth of ERISA's preemption provision. *See Shaw v. Delta Air Lines, Inc., supra* (finding that a state law requiring pregnancy coverage "related to" ERISA plans and was preempted because it regulated the substantive terms and conditions of the plans); *Metropolitan Life Ins. Co. v. Massachusetts, supra* (state statute "relates to" ERISA plans for the purposes of preemption because it placed a substantive requirement upon the plans by requiring them to purchase mental health benefits when they purchased a certain common insurance policy); *FMC Corp. v.*

*Holliday, supra* (finding that because Pennsylvania's anti-subrogation statute required plans to calculate benefit levels in Pennsylvania based on different liability conditions than other states, its "connection" to ERISA plans was sufficient to bring it under the broad scope of ERISA's preemption clause); *Ingersoll-Rand Co. v. McClendon, supra* (judicially created cause of action against employer for wrongful discharge 4 months before pension benefits would have vested was preempted because the existence of an ERISA plan was critical in establishing liability and it therefore "related to" ERISA plans). *See also Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213 (9th Cir. 1988) (holding that Washington's prevailing wage statute was preempted because it required higher contributions to ERISA plans and regulated funding of ERISA plans). These cases demonstrate that state laws attempting to regulate the terms of ERISA plan benefits are preempted because, under the *Shaw* test, such laws have a "connection" to ERISA plans.

The preemption test announced in *Shaw* is essentially two pronged. First, state laws that make reference to ERISA plans or that single out ERISA plans are preempted. *See Ingersoll-Rand Co. v. McClendon, supra; Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 95 L. Ed. 2d 39, 107 S. Ct. 1549 (1987); *Metropolitan Life Ins. Co. v. Massachusetts, supra*. Next, even if a statute does not expressly refer to ERISA plans, it is preempted if it has a sufficient connection with such plans. Such statutes "relate to" ERISA plans and, therefore, are preempted if they have a sufficient connection with ERISA. *See Shaw*, 463 U.S. at 98. A state law that relates to ERISA plans is preempted even if the law is consistent with ERISA's policies and substantive requirements. *Metropolitan Life Ins. Co.*, 471 U.S. at 739.

Although Washington's statutes do not expressly refer to ERISA plans, the defendants nonetheless argue that because this court, in *Crabtree*, held that ERISA plans have standing to sue under RCW 39.08 and RCW 60.28, refer-

ence to the ERISA plans is incorporated into the statutes. The fact that this court, in *Crabtree*, found that employee benefit plans have standing to sue under RCW 39.08 and RCW 60.28, however, does not transform them into statutes expressly referring to employee benefit trusts or specifically singling out ERISA plans for special treatment. Yet conversely, the statutes are not saved from preemption merely because they do not expressly refer to employee benefit plans. *Crabtree* clearly makes public works liens available to employee benefit plans as a means to collect employer contributions. Preemption, therefore, should be determined by the extent to which the underlying statute "connects with" an ERISA plan under the second prong of the *Shaw* test.

In support of their arguments that the statutes do not sufficiently relate to ERISA plans to be preempted under the second prong of the *Shaw* test, the Trusts rely heavily on *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 829, 100 L. Ed. 2d 836, 108 S. Ct. 2182 (1988), one of the few cases decided in the United States Supreme Court allowing a state statute to remain untouched by ERISA's broad preemption clause. In *Mackey*, a creditor of several ERISA plan beneficiaries sought to garnish money that an ERISA plan owed to those beneficiaries. Two Georgia statutes were implicated. The first statute was preempted because it expressly referred to and solely applied to ERISA plans. However, Georgia's general garnishment statute, which allowed ERISA funds to be garnished, was found not to be preempted. The Court reasoned that the garnishment statute was merely a procedural mechanism for enforcing judgments and found that Congress did not intend to forbid such mechanisms. *Mackey*, 486 U.S. at 831-32. The Court pointed out that the underlying judgment was proper and held that "state-law methods for collecting money judgments must, as a general matter, remain undisturbed by ERISA . . . ." *Mackey*, 486 U.S. at 834. Because the ERISA plans ultimately owed the same amount of money whether they paid it to the beneficiaries or to the beneficiaries' creditors, Geor-

gia's garnishment statute did not have a sufficient connection with ERISA plans for the purposes of preemption under the second prong of the *Shaw* test.

■ The Trusts argue that Washington's public works lien statutes, like the general garnishment statute in *Mackey*, merely provide a procedural mechanism for ERISA funds to collect employer contributions. We disagree. Unlike the garnishment statute in *Mackey*, Washington's public works lien statutes create an entirely separate cause of action against the general contractors who otherwise have no contractual obligation to the plans. Furthermore, they provide a mechanism for funding employee benefit plans not available under the provisions of ERISA.

By imposing liability upon general contractors who have not agreed to make contributions to ERISA funds, Washington's public works lien statutes regulate how ERISA plans are funded. Consequently, they relate to ERISA benefit plans and the provisions of ERISA that address the nonpayment of contributions by employers to employee benefit plans. *See Trustees of Elec. Workers Health & Welfare Trust v. Marjo Corp.*, 988 F.2d 865 (9th Cir. 1993) (state statute making general contractors liable for contributions owed to ERISA plans by their subcontractors "relates to" ERISA plans because it creates a funding mechanism for the plans not provided by Congress); *Sturgis v. Herman Miller, Inc.*, 943 F.2d 1127 (9th Cir. 1991) (mechanics' lien statute preempted not only because it contained an express reference to ERISA plans, but also because it created a new cause of action and basis for relief for the ERISA funds); *McCoy v. Massachusetts Inst. of Technology*, 950 F.2d 13 (1st Cir. 1991) (mechanics' lien law preempted because it specifically referred to ERISA plans and granted them special treatment even though the law ultimately benefited the ERISA trusts); *Bricklayers & Allied Craftsmen Int'l Union Local 33 Benefit Funds v. America's Marble Source, Inc.*, 950 F.2d 114 (3d Cir. 1991) (state statute imposing liability on prime contractors for delinquent contributions by parties not subject to suit under ERISA (*i.e.*, subcontractors) was pre-

empted because the statute created a new funding mechanism and thus "related to" ERISA plans for purposes of preemption). *See also Carpenters S. Cal. Admin. Corp. v. El Capitan Dev. Co.*, 53 Cal. 3d 1041, 1051, 811 P.2d 296, 282 Cal. Rptr. 277 (1991) (state statute enabling benefit trust funds to enforce liens on real property to collect employer contributions was preempted by ERISA because it "regulate[d] ERISA plans by creating a funding mechanism not provided by Congress.").

Washington's public works lien statutes expand liability to ensure the funding of ERISA plans. Although these statutes assist the ERISA funds and are not inconsistent with the policies of ERISA, their enforcement and collection mechanisms must yield to the extent they supplement those provided by ERISA.

Thus, we hold that RCW 39.08 and RCW 60.28.010 relate to ERISA plans for the purposes of preemption under section 514(a) of ERISA. We therefore affirm the trial court's dismissal of the Trusts' claims.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.