**In re Robert Carl NELSON, Debtor.**

**Peter H. ARKISON, Trustee, Appellant,**

**v.**

**Robert Carl NELSON, State of Washington, Appellees.**

**BAP No. WW–94–1446–AsHC.**
**Bankruptcy No. 93–05701.**
**Adv. No. 94–031.**

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted Feb. 24, 1995.

Decided April 19, 1995.

585

Peter H. Arkison, Bellingham, WA, pro se.

Mary C. Lobdell, Seattle, WA, for State of Wash.

John G. Kamb, Jr., Mt. Vernon, WA, for Robert Carl Nelson.

Before ASHLAND, HAGAN and CASE [1], Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Nelson filed a Chapter 7 petition and scheduled $20,000 as exempt under Washington Revenue Code § 6.15.020 (RCW) as it pertains to an IRA. The trustee asserts that the exemptions found in RCW § 6.15.020 impermissibly connect ERISA and IRA treatment, and are therefore invalid. The bankruptcy court allowed the exemption. We affirm.

1. Hon. Charles G. Case II, Bankruptcy Judge for the District of Arizona, sitting by designation.

## FACTUAL BACKGROUND

The facts are not in dispute. Robert Carl Nelson filed a Chapter 7 petition on July 28, 1993. Schedule B of the petition listed a $20,000 value in the space after item #12, as follows:

12. Stock and interest in incorporated and unincorporated companies (itemize separately) $20,000.

This same asset was listed as exempt on Schedule C as a pension fund. Nelson claimed the state law exemption found in Washington Revenue Code § 6.15.020(2), (3) (RCW). Schedule B was amended on August 19, 1993, reassigning the $20,000 from "stock and interest" to an Individual Retirement Account. The trustee and Nelson agree that the stock is being treated as an IRA, and Nelson claims that the asset is exempt pursuant to RCW § 6.15.020.

On August 26, 1993, the trustee filed an objection to the classification of the IRA as exempt. The trustee then brought a motion for summary judgment seeking a ruling that RCW § 6.15.020 had been preempted by the Employee Retirement Income Security Act (ERISA). Both Nelson and the State of Washington filed responses. On December 8, 1993, a hearing was held and an oral ruling was entered denying the trustee's motion for summary judgment; the written order was entered on April 4, 1994. The trustee timely appeals.

## STANDARD OF REVIEW

The facts are not in dispute. "The interpretation of ERISA, a federal statute, is a question of law subject to de novo review." *Spain v. Aetna Life Insurance Company,* 13 F.3d 310, 312 (9th Cir.1993), *quoting, Long v. Flying Tiger Line, Inc.,* 994 F.2d 692, 694 (9th Cir.1993).

## ISSUE PRESENTED

Whether the bankruptcy court erred in allowing Nelson an exemption for an IRA under RCW § 6.15.020 and 11 U.S.C. § 522.

## DISCUSSION

■ Exemptions in bankruptcy are evaluated under § 522, which states in part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize;. or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing....

....

(d) The following property may be exempted under subsection (b)(1) of this section:

....

(10) The debtor's right to receive—

....

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor....

11 U.S.C. § 522(b)(1); § 522(b)(2)(A); § 522(d)(10)(E).

Nelson chose the Washington State exemptions available under § 522(b)(2)(A) instead of the federal exemptions available under § 522(d)(10)(E). Section 522 allows Nelson an exemption for any property that is exempt under Washington law on July 28, 1993. § 522(b)(2)(A). The Washington State exemptions applicable to IRA's are codified in RCW § 6.15.020.

Qualifying employee benefit plans are defined in RCW § 6.15.020(4). The trustee argues that since RCW § 6.15.020(4) includes in the definition of employee benefit plans those plans that qualify under RCW § 49.64.020 (dealing with employer created trusts), then necessarily RCW § 6.15.020 refers to ERISA plans and therefore any subsection of RCW § 6.15.020 which contains

the term "employee benefit plan" is necessarily preempted by ERISA. For support of this proposition the trustee relies upon the following language from *Mackey:* "ERISA § 514(a) pre-empts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by statute. 29 U.S.C. § 1144(a)." *Mackey v. Lanier Collection Agency & Service,* 486 U.S. 825, 829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988).

The trustee's argument is flawed. The definition of an employee benefit plan as defined in ERISA does not include an IRA. The ERISA code defines terms in 29 U.S.C. § 1002.

> For purposes of this subchapter:
>
> (1) The term "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization ...
>
> . . . .
>
> (3) The term "employee benefit plan" or "plan" means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan.
>
> . . . .

29 U.S.C. § 1002(1) & (3).

■ A related argument made by the trustee is that "employee benefit plan" is a term of art defined by ERISA and that therefore the use of the term in the Washington statute imports the ERISA definition. This argument fails. Clearly the Washington legislature intended to craft its own definition of "employee benefit plan" without reference to the ERISA definition.

■ The parties agree that this IRA was not "established or maintained by an employer or by an employee organization." 29 U.S.C. § 1002(1). Since § 1002(3) defines an employee benefit plan as an employee welfare benefit plan (defined in § 1002(1)), the IRA is beyond the scope of § 1002 entirely. Further support for the conclusion that IRA's are not included in the definition of ERISA plans is found in 29 C.F.R. § 2510.3–

2 ("Employee pension benefit plan"). Specifically, § 2510.3–2(d) reads:

> (d) Individual Retirement Accounts. (1) For purposes of title I of the act and this chapter, the terms "employee pension benefit plan" and "pension plan" shall not include an individual retirement account described in section 408(a) of the Code, an individual retirement annuity described in section 408(b) of the Internal Revenue Code of 1954 (hereinafter "the Code") and an individual retirement bond described in section 409 of the Code, provided that—
>
> (i) No contributions are made by the employer or employee association;
>
> (ii) Participation is completely voluntary for employees or members;
>
> (iii) The sole involvement of the employer or employee organization is without endorsement to permit the sponsor to publicize the program to employees or members, to collect contributions through payroll deductions or dues checkoffs and to remit them to sponsor; and
>
> (iv) The employer or employee organization receives no consideration in the form of cash or otherwise, other than reasonable compensation for services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–2(d) (1988).

■ The parties do not dispute that ERISA and IRA plans are different. It is not surprising that ERISA regulations do not include regulations for IRA accounts. Under the Supremacy Clause, federal regulation of ERISA plans is necessarily going to override any state regulation of ERISA plans. It is not surprising that there is case authority that reaches that conclusion. What is notable is the treatment that those cases give to the issues before us. *Mackey* dealt with a Georgia statute that "expressly refers to—indeed, solely applies to—ERISA employee benefit plans." *Mackey,* 486 U.S. at 829, 108 S.Ct. at 2185. In *Mackey* the Supreme Court noted "we have virtually taken it for granted that state laws which are 'specifically designed to affect employee benefit plans' are pre-empted under § 514(a)." *Mackey v. Lanier Collection Agency and Service,* 486 U.S. 825, 829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988) (citations omitted). The statute in *Mackey* specifically sin-

gled out ERISA plan benefits. *Mackey* would be on point if the Washington statute "solely applies to" ERISA plans. However, where the statute defines many types of plans that it applies to, the statute does not solely apply to ERISA plans and the statute may only be pre-empted in part under § 514(a) and *Mackey.*

The Washington statute contains a severability clause which permits the statute to survive the removal of those portions that are invalid due to their regulation of ERISA plans. The severability clause that follows RCW § 6.15.020 is found following the text of the provision in slightly smaller and bolder type, and reads as follows:

> Severability—1990 c 237: "If any provision of this act or its application to a person or circumstance is held invalid, the remainder of the act or the application of the provision to other persons or circumstances is not affected." [1990 c 237 § 2]

RCW § 6.15.020 (1990).

█ It is this clause that allows us to delete either the reference to ERISA in all cases, or only to delete the reference to ERISA in those cases where ERISA plans are implicated. Since this is not an ERISA plan, we need not reach the above distinction. Section 6.15.020 survives the removal of the pre-empted portions of the statute. When the statute itself contains a severability clause, as this one does, under Washington law a statute will not be declared unconstitutional in its entirety unless the invalid portions cannot be severed and the legislature would not have passed the statute without the invalid portions. *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 506, 105 S.Ct. 2794, 2803, 86 L.Ed.2d 394 (1985).

This limited preemption by ERISA is supported by *Mackey,* where the court acknowledged that "under § 514(a), preemption extends only to welfare *plans." Mackey,* 486 U.S. at 836, 108 S.Ct. at 2189 (emphasis in original), *cited in, Retirement Fund Trust of Plumbing v. Franchise Tax Bd.,* 909 F.2d 1266, 1283 (9th Cir.1990). In *Mackey* the Supreme Court specifically allowed state law to affect ERISA. "Congress did not intend to forbid the use of state-law mechanisms of executing judgments against ERISA welfare benefit plans, even when those mechanisms

prevent plan participants from receiving their benefits." *Mackey,* 486 U.S. at 831–32, 108 S.Ct. at 2186. The expansive application of ERISA pre-emption urged by the trustee is not in accord with the case law that the trustee presents.

The interaction between ERISA and Washington statutes is not a matter of first impression. When the Washington Supreme Court decided a question concerning a statute that referred to, and in fact supplemented, the existing ERISA statute, they did not reach the conclusion the trustee urges. In *Puget Sound Electrical Workers,* the court forced the statutes' enforcement and collection mechanisms to yield to ERISA, to the extent that they supplemented those of ERISA. *Puget Sound Electrical Workers Health and Welfare Trust Fund v. Merit Co.,* 123 Wash.2d 565, 870 P.2d 960, 964 (1994) (en banc). The court instead stated that:

> Although these statutes assist the ERISA funds [and therefore necessarily affect ERISA] and are not inconsistent with the policies of ERISA, their enforcement and collection mechanisms must yield to the extent they supplement those provided by ERISA.
>
> Thus, we hold that RCW 39.08 and RCW 60.28.010 relate to ERISA plans for the purpose of preemption under section 514(a) of ERISA.

*Puget Sound Electrical Workers,* 870 P.2d at 964.

Conspicuous by its absence is a statement that RCW § 39.08 and RCW § 60.28.010 are stricken in their entirety due to the inclusion of a provision affecting ERISA. Instead, the court stated that the statute would yield to the extent that there is a conflict with ERISA. We agree with the Washington Supreme Court and find that it is possible to enforce the IRA portion of RCW § 6.15.020, despite the provisions that pertain to ERISA.

### CONCLUSION

We affirm the bankruptcy court's determination that Nelson is allowed an exemption under RCW § 6.15.020 for the IRA account.