

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE MAR 2 0 2014

CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on March 20, 2014

Ronald R. Carpenter
Supreme Court Clerk

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| W.G. CLARK CONSTRUCTION CO., a Washington corporation, | ) ) ) | No. 88080-8 |
| Respondent, | ) ) | En Banc |
| v. | ) ) ) | |
| PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS, a Local Union; CARPENTERS HEALTH & SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST; CARPENTERS-EMPLOYERS VACATION TRUST; CARPENTERS-EMPLOYERS APPRENTICESHIP & TRAINING TRUST; and PARAMOUNT SCAFFOLD, INC., a Washington corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Appellants. | ) ) ) | Filed     MAR 2 0 2014 |

OWENS, J. -- The Employee Retirement Income Security Act of 1974 (ERISA) is a set of federal laws that regulates pension and welfare plans. To provide national uniformity in plan administration, ERISA preempts most state laws that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). At issue in this case is

whether ERISA preempts claims made under two Washington state laws designed to ensure that workers on public projects are paid for their work: chapters 39.08 and 60.28 RCW. When we previously addressed this issue in 1994 and 2000, we held that ERISA preempted such claims. *Puget Sound Elec. Workers Health & Welfare Trust Fund v. Merit Co.*, 123 Wn.2d 565, 870 P.2d 960 (1994); *Int'l Bhd. of Elec. Workers, Local Union No. 46 v. Trig Elec. Constr. Co.*, 142 Wn.2d 431, 13 P.3d 622 (2000).

Since then, however, courts across the country (including federal courts here in the Ninth Circuit) have analyzed the United States Supreme Court's developing ERISA preemption jurisprudence and come to a consensus that these types of state law claims are <u>not</u> preempted by ERISA because they have only a tenuous connection to ERISA plans. *See, e.g., S. Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 925-27 (9th Cir. 2001). As a result of this conflict between our rule and the rule followed by federal courts, the outcome of this type of case in Washington is entirely dependent on whether the lawsuit is filed in federal or state court. This has led to blatant forum shopping and created inconsistent and unjust results for parties in Washington, as lamented by both the superior court judge in this case and the federal district court judge in the parallel federal case. In light of the national shift in ERISA preemption jurisprudence and the persuasive reasoning underlying that shift, we now join courts across the country and hold that this type of state law is not preempted by ERISA.

FACTS

The basic facts of this case are largely undisputed. In 2010, the University of Washington contracted with W.G. Clark Construction Co. for a student housing construction project. W.G. Clark subcontracted certain scaffolding work on the project to Paramount Scaffold, Inc. Paramount entered into a collective bargaining agreement with the Pacific Northwest Regional Council of Carpenters (Union) to provide laborers for the scaffolding work. As is common in this type of labor agreement, Paramount agreed to compensate the laborers for their work in two ways: by paying wages and by making contributions to certain trusts that provide benefits to the laborers, their dependents, and their beneficiaries (collectively the Trusts).[1]

In June 2012, the Trusts and the Union reported that Paramount had failed to make $64,905.48 in required payments to the Trusts for work performed by the Union laborers. Later records indicate that Paramount was insolvent. The Trusts and the Union issued a notice of claim on lien on the student housing project pursuant to chapters 39.08 and 60.28 RCW (statutes designed to ensure that workers on public works projects are paid for their work, as discussed in more detail below). The lien was served on Paramount, W.G. Clark, the University of Washington, and the insurance company that issued the performance bond on the project.

---

[1] The trusts in this case are the Carpenters Health & Security Trust of Western Washington, the Carpenters Retirement Trust, the Carpenters-Employers Vacation Trust, and the Carpenters-Employers Apprenticeship & Training Trust.

W.G. Clark filed for declaratory judgment in King County Superior Court, requesting that the lien be released. W.G. Clark moved for summary judgment, arguing that ERISA preempted any claims the Trusts might have under chapters 39.08 and 60.28 RCW. Shortly thereafter, the Trusts filed a separate action in the United States District Court for the Western District of Washington, seeking foreclosure on the lien and monetary damages.

The King County Superior Court judge granted summary judgment to W.G. Clark, ruling that our state precedent is clear that such state law claims are preempted by ERISA. The judge acknowledged that the outcome would have been different in federal court and lamented, "Ultimately, this is going to have to get resolved one way or another. . . . [F]rom my perspective, it's broken." Clerk's Papers at 465.

In light of the judge's decision in the King County Superior Court case, United States District Court Judge Ricardo Martinez ruled that he had no choice but to dismiss the federal case. Nonetheless, he pointed out the serious consequences of the existing conflict between the state and federal courts on this issue:

> The situation is unfortunate, because diverging results in state and federal court inevitably perpetuate the practice of forum shopping. As in the present case, Defendants acknowledge they filed a "preemptive declaratory judgment action" (Dkt. # 22, p. 5) in Superior Court in order to receive a favorable ruling. Such action constitutes blatant forum shopping, which is highly discouraged.

Br. of the Appellant Carpenters Trusts, Ex. 1, at 7-8.

The Trusts appealed the King County Superior Court ruling to this court and we granted direct review.

## ISSUE

Should we adopt the reasoning of the federal courts and hold that under current United States Supreme Court precedent, ERISA does not preempt the Trusts' chapters 39.08 and 60.28 RCW claims?

## ANALYSIS

ERISA is a set of federal laws that regulates pension and welfare plans. *Merit*, 123 Wn.2d at 568. Congress passed ERISA in 1974 with two goals in mind: "to protect plan participants and beneficiaries from abuses and mismanagement in the administration of employee pension and benefit plans" and "to protect plan administrators from the 'burden that would be imposed by a patchwork scheme of regulation.'" *Haw. Laborers' Trust Funds v. Maui Prince Hotel*, 81 Haw. 487, 493, 918 P.2d 1143 (1996) (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11-12, 107 S. Ct. 2211, 96 L. Ed. 2d 1 (1987)). The second goal was addressed through ERISA's preemption clause, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered under ERISA. 29 U.S.C. § 1144(a).

At issue in this case is whether ERISA preempts claims made under two Washington state laws: chapters 39.08 and 60.28 RCW. Under chapter 39.08 RCW, a

general contractor on a public works project must execute and deliver a bond to the public agency. RCW 39.08.010(1)(a). The bond ensures that "all laborers, mechanics, and subcontractors and material suppliers" on the project are paid for their work. RCW 39.080.010(1)(a)(ii). Such individuals have a right of action against the bond if they are not paid for their work. RCW 39.08.010(1)(b). Chapter 60.28 RCW also provides protections for workers on public improvement contracts. It requires the public agency to retain a percentage of the money earned by the general contractor for the protection and payment of claims under the contract. RCW 60.28.011(1)(a). Any person performing labor or furnishing supplies under the public improvement contract has lien rights against the retained percentage. RCW 60.28.011(2). Notably, both statutes apply generally to any laborer, supplier, or subcontractor on a project, and neither makes any reference to ERISA plans.

As described above, the workers on this project did not receive the compensation they were owed in the form of payments to the Trusts that provide the workers with various health and retirement benefits, but the superior court ruled that under this court's precedent in *Merit* and *Trig Electric*, the Trusts' claims under chapters 39.08 and 60.28 RCW are preempted by ERISA. The Trusts appeal that ruling, arguing that chapters 39.08 and 60.28 RCW are not preempted by ERISA under current federal jurisprudence and that Washington courts should adopt the reasoning of the federal courts. We agree. First, we agree with the reasoning of the

federal courts, which have concluded that current United States Supreme Court case law requires that we begin our ERISA preemption analysis with a presumption that state law is not preempted, and that laws of general applicability with only "a tenuous, remote, or peripheral connection with ERISA plans" are not preempted. *See Standard Indus.*, 247 F.3d at 927 (citing *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 130 n.1, 113 S. Ct. 580, 121 L. Ed. 2d 513 (1992)). Second, we recognize the need to address the current conflict between state and federal courts in Washington, which has resulted in blatant forum shopping and created inconsistent and unjust results for parties in Washington.

I.      *We Agree with the National Consensus That These State Laws Are Not Preempted by ERISA under Current United States Supreme Court Case Law*

ERISA preemption is a matter of federal law. *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 830, 108 S. Ct. 2182, 100 L. Ed. 2d 836 (1988). On matters of federal law, we are bound by the decisions of the United States Supreme Court. *Home Ins. Co. of N.Y. v. N. Pac. Ry.*, 18 Wn.2d 798, 808, 140 P.2d 507 (1943). Decisions of the federal circuit courts are "entitled to great weight" but are not binding. *Id.* In *Merit*, we cited four federal circuit court opinions to support our interpretation of United States Supreme Court case law on ERISA preemption. *See Merit*, 123 Wn.2d at 572. But two of these cases were later expressly overruled, and the other two involved statutes that—unlike those at issue here—expressly

referred to benefit trust funds. *See Standard Indus.*, 247 F.3d at 929 (expressly overruling two of the cases cited in *Merit*); *Merit*, 123 Wn.2d at 572-73 (describing the statutes considered in two of the federal circuit cases as expressly referring to ERISA plans); *Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co.*, 215 F.3d 136, 142 (1st Cir. 2000) (describing the reasoning of the earlier First Circuit case as relying on the fact that the statute "'expressly single[d] out ERISA plans for special treatment'" (alteration in original) (quoting *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 19 (1st Cir. 1991))). Therefore, it is appropriate for us to consider current federal circuit court case law on ERISA preemption in our analysis.

Courts throughout the country—both state and federal—have reached a consensus that under the United States Supreme Court's ruling in *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995), ERISA does not preempt state lien statutes that are generally designed to ensure that workers are paid for their work and do not specifically target benefit trust funds. *See generally Forsberg v. Bovis Lend Lease, Inc.*, 2008 UT App 146, ¶ 32 n.19, 184 P.3d 610 (reviewing the history of this issue and noting that although prior to *Travelers*, many courts had concluded that this type of claim was preempted by ERISA, "[t]he only post-*Travelers* case we have found that holds ERISA preempts a mechanics' lien statute of general application is [*Trig Electric*]."); *Cent. Laborers' Pension Fund v. Nicholas & Assocs., Inc.*, 2011 IL

8

App (2d) 100125, ¶¶ 32-45, 956 N.E.2d 609, 353 Ill. Dec. 747 (noting that *Trig Electric* now represents the "minority view" on this issue and citing no other courts that currently adhere to its approach), *cert denied*, 132 S. Ct. 2380 (2012).

The Ninth Circuit Court of Appeals' analysis in *Standard Industrial* is representative of these cases, and we find its reasoning persuasive. The court started with the presumption laid out by the United States Supreme Court "'that Congress did *not* intend ERISA to preempt areas of "traditional state regulation" that are quite remote from the areas with which ERISA is expressly concerned.'" *Standard Indus.*, 247 F.3d at 928-29 (quoting *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1217 (9th Cir. 2000)). The court then turned to the test laid out by the United States Supreme Court: a state law "'relates to'" ERISA—and is thus preempted—if it has a "'connection with'" or a "'reference to'" ERISA plans. *Id.* at 925 (quoting *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1358 (9th Cir. 1997)). "A statute has an impermissible 'reference to' an employee benefit plan if it acts immediately and exclusively upon the plans or if the plans are essential to the law's operation." *Id.* (quoting *Egelhoff v. Egelhoff*, 532 U.S. 141, 147, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001)). A statute has a "'connection with'" ERISA if it "'implicates an area of core ERISA concern' and jeopardizes national uniformity in plan administration." *Id.* (quoting *Egelhoff*, 532 U.S. at 147).

Applying this rule to a state law that required public works projects to issue

payment bonds to ensure workers are paid for their labor, the court concluded that the

law had neither a "'connection with'" nor a "'reference to'" ERISA plans. *Id.* at 925-

26 (quoting *Geweke Ford*, 130 F.3d at 1358). The court reasoned that such laws do

not require the establishment of a separate plan or impose any reporting, disclosure,

funding, or vesting requirements for ERISA plans. *Id.* at 925. The court also pointed

out that the statute functions irrespective of any ERISA plans. *Id.* at 926. It is simply

a general law that ensures workers receive payment for their work on public projects

and has no special applicability to ERISA plans. Ultimately, the court concluded that

"the effect of this state regulated relationship on ERISA's domain is too tenuous to

precipitate preemption under ERISA." *Id.* at 927. As described above, courts across

the country have come to the same conclusion.

This reasoning is sound and we now adopt it. These statutes are in place to

ensure that workers on public projects are paid for their work. They apply generally

to all workers on public projects, regardless of the type of work they perform or how

they are paid. The laws have nothing to do with regulating how pension plans operate

and thus do not encroach on ERISA's territory.

II.     *These State Claims Are outside ERISA's Scope and Thus Are Not
        Alternative Enforcement Mechanisms*

Generally, state statutes that provide plans and participants with alternative

mechanisms for enforcing ERISA obligations are preempted. *Ingersoll-Rand Co. v.*

*McClendon*, 498 U.S. 133, 144, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990) (explaining that Congress intended for Section 502(a) of ERISA, 29 U.S.C. § 1132(a), to provide the "exclusive remedy for rights guaranteed under ERISA"). W.G. Clark argues that chapters 39.08 and 60.28 RCW provide such alternative enforcement mechanisms, but this same argument has been raised across the country and rejected time after time because such statutes are not a mechanism for enforcing ERISA obligations. *See, e.g., Bellemead Dev. Corp. v. N.J. State Council of Carpenters Benefit Funds*, 11 F. Supp. 2d 500, 517 (D.N.J. 1998); *Maui Prince Hotel*, 81 Haw. at 499-500; *Plumber's Local 458 Holiday Vacation Fund v. Howard Immel, Inc.*, 151 Wis. 2d 233, 238-39, 445 N.W.2d 43 (1989). In rejecting this alternative mechanism argument, courts have relied on the *Mackey* case, where the United States Supreme Court ruled that ERISA did not preempt garnishment of ERISA plan benefits, just as it does not preempt "run-of-the mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan." 486 U.S. at 833. If plans are subject to such run-of-the-mill state-law claims, they should also be able to file such claims themselves. *See Howard Immel*, 151 Wis. 2d at 238-39. This is just such a general state law claim that allows the trust fund to recover amounts owed to it, just like any other worker on a public project.

More fundamentally, the argument that these statutes are alternative enforcement mechanisms fails because state lien claims that apply to third parties are

outside the scope of ERISA and thus not preempted. *See Bellemead*, 11 F. Supp. 2d at 517. ERISA regulates the responsibilities of employers and those administering pension plans with the goal of "protect[ing] plan participants and beneficiaries from abuses and mismanagement in the administration of employee pension and benefit plans." *Maui Prince Hotel*, 81 Haw. at 493. Here, W.G. Clark is not an employer or plan administrator and thus is not subject to ERISA obligations. W.G. Clark contends that since it has no obligations under ERISA, state law cannot impose any similar obligations. But the state laws at issue do not assign any ERISA-like obligations to W.G. Clark. The state law has nothing to do with the administration or management of a pension plan. It simply provides a mechanism to ensure that all workers on public projects are paid the amounts they are owed. Ensuring workers are paid for their work does not fall within the scope of ERISA.

Because we hold that ERISA does not preempt the Trusts' claims, we do not reach their argument that to hold otherwise would violate their due process and equal protection rights.

### III.    Stare Decisis

Finally, we take this opportunity to clarify how we apply the doctrine of stare decisis when the United States Supreme Court provides additional guidance or clarifies the proper analytical approach for a federal issue. Generally, under stare decisis, we will not overturn prior precedent unless there has been "a clear showing

that an established rule is incorrect and harmful." *In re Rights to Waters of Stranger Creek*, 77 Wn.2d 649, 653, 466 P.2d 508 (1970). However, this court must have the flexibility to consider emerging United States Supreme Court case law when considering earlier decisions on federal issues. As the First Circuit thoughtfully remarked when considering this issue,

> *stare decisis* is neither a straightjacket nor an immutable rule; it leaves room for courts to balance their respect for precedent against insights gleaned from new developments, and to make informed judgments as to whether earlier decisions retain preclusive force.

*U.S. Fid. & Guar. Co.*, 215 F.3d at 142. The court observed that there are "'relatively rare'" occasions when a court should eschew prior precedent in deference to intervening authority. *Id.* at 141 (quoting *Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 592 (1st Cir. 1995)). We agree. The doctrine of stare decisis should not keep this court from fully considering all United States Supreme Court guidance on federal issues, even when the newer cases have not directly overruled or superseded prior cases. *See id.* at 141-42.

Thus, we can reconsider our precedent not only when it is has been shown to be incorrect and harmful but also when the legal underpinnings of our precedent have changed or disappeared altogether. *See United States v. Gaudin*, 515 U.S. 506, 521, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995) (declaring that stare decisis may yield when a precedent's "underpinnings [have been] eroded[] by subsequent decisions of [the] Court"); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 854–55, 112 S.

Ct. 2791, 120 L. Ed. 2d 674 (1992) (observing that review of a precedent might be justified when "related principles of law have so far developed as to have left the old rule no more than a remnant of abandoned doctrine").

## CONCLUSION

*Merit* was a reasonable interpretation of United States Supreme Court precedent in 1994, but the United States Supreme Court has since narrowed its ERISA preemption doctrine. Since the last time we considered the rule in *Trig Electric*, other jurisdictions, including the Ninth Circuit Court of Appeals, have consistently held that these types of state claims are not preempted by ERISA. Not only is their reasoning persuasive, but the existing split encourages litigants to engage in blatant and harmful forum shopping. We take this opportunity to update our approach to ERISA preemption in light of these developments. We reverse the trial court's summary judgment ruling and remand for further proceedings in accordance with this opinion.

_____

WE CONCUR:

_____
Madsen, C.J.

_____

_____

_____
Fairhurst, J.

_____
Stephens, J.

_____
Wiggins, J.

_____
González, J.

_____
Gerry McCloud, J.