[No. 44924.  En Banc.  November 16, 1978.]

SOUTHEASTERN WASHINGTON BUILDING AND CONSTRUCTION TRADES COUNCIL, ET AL, *Appellants,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Respondents.*

42

*Critchlow, Williams, Ryals & Schuster,* by *Michael E. de Grasse,* for appellants.

*Slade Gorton, Attorney General,* and *William T. Scharnikow, Assistant,* for respondent State.

*Schweppe, Doolittle, Krug, Tausend & Beezer,* by *Mary Ellen Krug* and *James B. Street,* for respondent Marley Company.

ROSELLINI, J.—The appellants seek judicial review of a determination made by the industrial statistician of the Department of Labor and Industries with respect to prevailing wages in the Moses Lake area. Appellants are referred to herein as the trades council. Under RCW 39.12,

persons contracting for the construction of any public work must agree to pay the prevailing wage to their employees (RCW 39.12.030–.040)[1] and the industrial statistician is given the duty of determining what that wage is with respect to each trade and occupation (RCW 39.12.015). The intervenor Marley Company signed such an agreement when it contracted to build cooling towers for an atomic reactor. It is the contention of the appellants that, in this instance, the industrial statistician's determination was made upon an improper basis.[2]

---

[1] "The specifications for every contract for the construction, reconstruction, maintenance or repair of any public work to which the state or any county, municipality, or political subdivision created by its laws is a party, shall contain a provision stating the hourly minimum rate of wage, not less than the prevailing rate of wage, which may be paid to laborers, workmen or mechanics in each trade or occupation required for such public work employed in the performance of the contract either by the contractor, subcontractor or other person doing or contracting to do the whole or any part of the work contemplated by the contract, and the contract shall contain a stipulation that such laborers, workmen or mechanics shall be paid not less than such specified hourly minimum rate of wage." RCW 39.12.030.

"Before payment is made by or on behalf of the state, or any county, municipality, or political subdivision created by its laws, of any sum or sums due on account of a public works contract, it shall be the duty of the officer or person charged with the custody and disbursement of public funds to require the contractor and each and every subcontractor from the contractor or a subcontractor to submit to such officer a 'Statement of Intent to Pay Prevailing Wages'. Each statement of intent to pay prevailing wages must be approved by the industrial statistician of the department of labor and industries before it is submitted to said officer. Unless otherwise authorized by the department of labor and industries, each voucher claim submitted by a contractor for payment on a project estimate shall state that the prevailing wages have been paid in accordance with the prefiled statement or statements of intent to pay prevailing wages on file with the public agency. Following the final acceptance of a public works project, it shall be the duty of the officer charged with the disbursement of public funds, to require the contractor and each and every subcontractor from the contractor or a subcontractor to submit to such officer an 'Affidavit of Wages Paid' before the funds retained according to the provisions of RCW 60.28.010 are released to the contractor. Each affidavit of wages paid must be certified by the industrial statistician of the department of labor and industries before it is submitted to said officer." RCW 39.12.040.

[2] At the appellants' request, the director approved this decision. As the appellants conceive this action, it is this act of approval which is being challenged.

The merits of this contention are not before us, the superior court having dismissed the action with prejudice upon the intervenor's motion for summary judgment. The dismissal was grounded upon the court's conclusion that the administrative decision in question was not subject to judicial review under the statute, the only remedy available to one dissatisfied with a ruling of the statistician being arbitration under RCW 39.12.060. We affirm the dismissal.

While the respondent department does not challenge the appellants' standing to bring this action, the respondent intervenor maintains that a trades council, such as appellant, lacks sufficient interest in the contract to permit it to challenge the statistician's rulings with respect to the prevailing wage.

Since the members of the trades council are not wage earners but organizations representing such persons, it readily acknowledges that it has no members eligible for employment by the Marley Company. Nevertheless it asserts that it has a genuine and continuing interest in prevailing wage determinations.

The trades council describes its interest in these words:

Among other things, the Council endeavors to advance the interests of building tradesmen within a geographic area that includes Benton, Franklin and Grant counties. As part of this effort, the Council attempts to prevent depression of wage rates by seeing that various prevailing wage requirements are satisfied.

The parties are agreed that RCW 39.12 is patterned after the federal Davis–Bacon Act (40 U.S.C. § 276a *et seq.*), and that cases interpreting that act are relevant and persuasive.

■ That a trades council such as the appellant has standing to sue to enforce the provisions of the Davis–Bacon Act was affirmed by the United States District Court for the Northern District of Georgia, Atlanta Division, in *North Georgia Bldg. & Constr. Trades Council v. U.S.*

However, the director made no independent investigation of the matter in dispute, and his approval was a mere formality. The statute does not require or authorize approval by the director where there has been no arbitration. Therefore, that act has no legal significance, and we treat the action as one seeking review of the statistician's determination.

*Dep't of Transp.,* 399 F. Supp. 58 (N.D. Ga. 1975), citing *International Union of Operating Eng'rs Local 627 v. Arthurs,* 355 F. Supp. 7, 14 (W.D. Okla.), *aff'd,* 480 F.2d 603 (10th Cir. 1973), wherein it was decided that a labor union had standing to seek judicial enforcement of the act.

It was the opinion of the federal judge in Georgia that there is no significant difference between the interest of a union and a council of unions. In the case which he relied upon, the Oklahoma judge took account of the United States Supreme Court cases in which that court has manifested a willingness to accord standing to associations having members whose interests are represented by the association and are affected by the matter in litigation. Among these cases are *NAACP v. Button,* 371 U.S. 415, 9 L. Ed. 2d 405, 83 S. Ct. 328 (1963), and *Association of Data Processing Serv. Organizations, Inc. v. Camp,* 397 U.S. 150, 25 L. Ed. 2d 184, 90 S. Ct. 827 (1970), the latter being a case in which the high court placed associations such as these in the class of person entitled to seek judicial review of administrative decisions.

In the case of *International Union of Operating Eng'rs v. Arthurs, supra,* the court noted that a purpose of the Davis–Bacon Act was to provide protection to local craftsmen who were losing work because contractors engaged in the practice of recruiting labor from distant cheap labor areas. If this is indeed a purpose of such legislation, as it appears to be, certainly an organization which represents a number of trades and crafts, and has as one of its objects the maintenance of the prevailing wage in the locality, has a vital interest in seeing that the provisions of the statute are enforced.

█ The act being remedial in nature, we should construe it liberally to effect its purpose. That purpose can be served, we believe, by according to organizations such as the trades council the right to seek enforcement of the statutory provisions, to the extent that judicial and administrative remedies are available.

For this reason, also, we agree with the contention of the respondent department that the appellants were entitled to seek arbitration under the provisions of RCW 39.12.060.[3] That section provides:

> Such contract shall contain a further provision that in case any dispute arises as to what are the prevailing rates of wages for work of a similar nature and such dispute cannot be adjusted by the parties in interest, including labor and management representatives, the matter shall be referred for arbitration to the director of the department of labor and industries of the state and his decision therein shall be final and conclusive and binding on all parties involved in the dispute.

■ The act does not define the expression "party in interest." While the section providing for arbitration could be strictly construed to apply only to the parties to a given contract, such a construction would limit the effectiveness of the act. Unless workers or representatives of workers who are not parties to such a contract but whose wages and expectancies are affected by its terms can be heard to complain of prevailing wage determinations, the interest of such workers may very well be left unprotected. If a union representing the employees of a given contractor negotiates a contract for less than the prevailing wages, the likelihood will be very great that if the statistician approves the wage level, his ruling will go unchallenged. The result will be frustration of the legislative purpose.

In an arbitration proceeding, an organization such as the trades council is in a much better position to gather and present evidence of prevailing wages than is the individual employee. The information which it can provide should be useful to the director in reaching the correct decision, when asked to arbitrate a prevailing wage determination.

---

[3]RCW 39.12 differs from the Davis–Bacon Act in the remedies provided. The latter does not have an arbitration provision. The Secretary of Labor, however, under the authority given him in 40 U.S.C. § 276c, has provided a system for administrative review of prevailing wage decisions. *See* 29 C.F.R. §§ 7.1–.18 (1977).

RCW 39.12.060 requires the contractor to agree that disputes shall be settled by arbitration. The same interest which entitles the trades council to seek judicial enforcement of the provisions of the act gives it standing to seek arbitration. The trades council suggests that because it is not involved in a controversy with the Marley Company but rather is challenging a determination made by the industrial statistician, there is no dispute within the meaning of this section. However, there is nothing in the statutory language to suggest that it was the legislative intent to confine the remedy of arbitration to disputes in which the contractor was directly involved. Since the statistician is required to determine the prevailing wage, it will always be his decision which is disputed. The Marley Company has an interest in sustaining that decision, as its intervention in this suit demonstrates.

The question calls for the utilization of the specialized knowledge and judgment of the director of the Department of Labor and Industries. Arbitration being the only form of "appeal" provided in the statute, it is only appropriate that it be available to parties having an interest such as that of the appellants.

Since the director agrees and in fact insists that arbitration was available to the appellants, we can only assume that he would have consented to arbitrate the question had he been asked to do so. Had he refused, the appellants would have had a remedy by mandamus.

The superior court was correct in holding that the appellants' remedy lay in arbitration, and not in judicial review.

The judgment is affirmed.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.