[No. 38165-2-I.    Division One.    September 2, 1997.]

IRONWORKERS DISTRICT COUNCIL OF THE PACIFIC NORTHWEST, *Appellant*, v. WOODLAND PARK ZOO PLANNING & DEVELOPMENT, ET AL., *Respondents*.

---

*Mel R. Kang* and *Schwerin, Burns, Campbell & French,* for appellant.

*Tyler B. Ellrodt, Barbara H. Schuknecht,* and *McNaul Ebel Nawrot Helgren & Vance, P.L.L.C.,* for respondents.

*Richard H. Robblee* on behalf of Rebound, amicus curiae.

*Christine O. Gregoire, Attorney General,* and *Jeff B. Kray, Assistant,* on behalf of the Department of Labor and Industries, amicus curiae.

WEBSTER, J. — A union council seeks to enforce Washington's prevailing wage statute against a general contractor and its surety to collect wages in the amount of employee benefit contributions that an insolvent subcontractor failed to make to the pension plans of members of a local union. It seeks to obtain these funds by foreclosing a lien against the contractor's bond and retainage, both of which are required by Washington statutes. This case presents the question of whether the Federal Employee Retirement Income Security Act of 1974 (ERISA) preempts the Council's action.

We hold that ERISA does not preempt Washington's prevailing wage statute because the statute does not require the establishment or funding of ERISA benefit plans. It merely considers the usual benefits paid in the locality in calculating the rate of prevailing wages. Because the Council brings this action to collect wages due under the prevailing wage statute, it does not utilize the public works lien statutes to fund a pension benefit plan. Accordingly, we distinguish *Puget Sound Elec. Workers Health & Welfare Trust Fund v. Merit Co.,* 123 Wn.2d 565, 870 P.2d 960 (1994), in which the Supreme Court held that ERISA preempted a trust fund's collection of a subcontractor's unpaid benefit contributions from the general contractor's bond and retained percentage because the public works lien statutes expanded liability to ensure the funding of ERISA plans. We reverse.

## FACTS

The Woodland Park Zoo constructed an Asian rain for-

est exhibit in 1993. It retained Engineers-Contractors, Inc. (ECI) as the general contractor. Continental Insurance Company issued ECI a surety bond under Washington's public works bond statute. *See* ch. 39.08 RCW. Sybor Erectors Steel (Sybor), a subcontractor, employed members of Ironworkers Local 86 on the project.

Because the Zoo is an agency of the City of Seattle, the contractors were subject to Washington's prevailing wages on public works statute, chapter 39.12 RCW. The prevailing wage for ironworkers was $27.42 per hour, calculated based on wages of $18.46 per hour and benefits of $8.96 per hour. Sybor agreed to pay the wages portion directly to the ironworkers and pay the benefits portion to a variety of ERISA trust funds on the workers' behalf.

Sybor paid the ironworkers' wages, but failed to make payments to the trust funds before filing for bankruptcy. In March 1994, the trust funds and the Ironworkers District Council of the Pacific Northwest (Council) gave notice of a claim of lien against the bond and retained percentage to the Zoo, Sybor, ECI, and Continental, citing the state statutes relating to contractor's bonds and retained percentages. *See* RCW 39.08.030, 60.28.010. Coincidentally, the Washington Supreme Court filed a decision that same day determining that ERISA preempts an ERISA trust fund's action to collect unpaid contributions to the plan under Washington's public works lien statutes. *See Merit*, 123 Wn.2d 565. The Council later amended the lien notice, omitting all references to the trust funds and adding a reference to RCW 39.12.050, the prevailing wage statute.

The Council filed this action against the Zoo, ECI, Sybor, and Continental "to collect unpaid wages consisting of the value of unpaid fringe benefit contributions" owed to Sybor's employees in violation of the prevailing wage statute. The trial court granted ECI and Continental's mo-

tion for summary judgment on the grounds that ERISA preempted the claims.

## DISCUSSION

### Standard of Review

■ Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). The appellate court reviews the summary judgment order de novo, considering the evidence in the light most favorable to the nonmoving party. *Kruse v. Hemp*, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993).

### ERISA Preemption

■ ERISA is a comprehensive federal statute that regulates employee pension and welfare plans. *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 756, 881 P.2d 216 (1994). Congress enacted ERISA to protect employee benefit plan participants and their beneficiaries. *Boggs v. Boggs*, 520 U.S. 833, 117 S. Ct. 1754, 138 L. Ed. 2d 45, *rehearing denied*, 118 S. Ct. 9 (1997). The statute imposes participation, funding, and vesting requirements for pension plans and sets uniform standards regarding reporting, disclosure, and fiduciary responsibility. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990). It also provides exclusive remedies for an employer's failure to make fund contributions. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987).

■ To guarantee uniformity in the enforcement of employee benefit plans by avoiding a multiplicity of regulation, ERISA contains a broad preemption provision. *Pilot Life*, 481 U.S. at 46. It provides that ERISA supersedes state laws that "relate to" employee benefit plans. 29 U.S.C. 1144(a) (1974).

Until recently, the leading case interpreting the preemption provision was *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983). *Shaw* held that

"[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 96-97. Under this broad definition, a law may 'relate to' a benefit plan even if it is not specifically designed to affect such plans or if it affects the plan only indirectly. *Pilot Life,* 481 U.S. at 47. A law may be preempted even if it is consistent with ERISA's requirements. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S. Ct. 2380, 85 L. Ed. 2d 728 (1985). *Shaw* recognized, however, that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." 463 U.S. at 100 n.21.

██ ██ In the U.S. Supreme Court's earlier ERISA preemption cases, the Court did not need to rely on the expansive character of ERISA's literal language to find preemption because the laws in those cases had a clear "connection with or reference to" ERISA plans. *De Buono v. NYSA-ILA Med. & Clinical Servs. Fund,* 520 U.S. 806, 117 S. Ct. 1747, 1751, 138 L. Ed. 2d 21 (1997). The Supreme Court confronted the more difficult question of whether Congress intended ERISA's "relates to" language to modify the usual presumption that Congress does not intend to supplant state law in *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995). The Court determined that it did not, acknowledging that its prior cases construing the language were not particularly helpful in determining when ERISA preemption applied. *Id.* at 655. The court concluded that courts "must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Id.* at 656. The Supreme Court has since reaffirmed this approach, recognizing that *Travelers* changed the requisite ERISA preemption analysis, in *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A.,* 519 U.S.

316, 117 S. Ct. 832, 136 L. Ed. 2d 791 (1997), and *De Buono*, 117 S. Ct. 1747.

Prevailing Wages on Public Works Statute

We first consider whether ERISA preempts Washington's prevailing wages on public works statute, the law that the Council seeks to enforce. The statute requires that workers on public works projects receive compensation at or above the prevailing rate of wage. RCW 39.12.020. The statute's purpose is to protect local workers from contractors' practice of recruiting cheap labor from other areas. *Everett Concrete Prods., Inc. v. Department of Labor & Indus.*, 109 Wn.2d 819, 824, 748 P.2d 1112 (1988). The Department of Labor and Industries' industrial statistician establishes the prevailing rate of wage, which is the "rate of hourly wage, usual benefits, and overtime paid in the locality . . . to the majority of workers . . . in the same trade or occupation." RCW 39.12.015, 39.12.010(1).

The respondents contend that the Ninth Circuit has already determined that ERISA preempts Washington's prevailing wage statute in *Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213 (9th Cir.), *aff'd*, 488 U.S. 881, 109 S. Ct. 210, 102 L. Ed. 2d 202 (1988). In *J.A. Jones*, an employee welfare benefit plan brought an action against several contractors for failure to make contributions due an ERISA fund under Washington's prevailing wage statute. The contractors moved to dismiss the action, contending that, to the extent the prevailing wage law applies to employee benefit plans, it is preempted by ERISA. "For purposes of the well-pleaded complaint rule applicable to motions to dismiss, the de-fendant contractors [did] not contest that the Washington statute compels employers to make contributions to local employee welfare plans and establishes the level at which such contributions must be made." *Id.* at 1217. Thus, the court started with the assumption that the prevailing wage law compelled employers to contribute to ERISA

plans.[1] The court determined that the prevailing wage statute "imposes an additional substantive mandate upon employers by requiring them to make contributions at a higher level not established by collective bargaining agreement or by the terms of the employee benefit plan." *Id.* at 1219 n.8. Accordingly, the court held that "to the extent the Washington prevailing wage statute requires employers to maintain a certain level of contributions to employee benefit plans, it is preempted by [ERISA]." *Id.* at 1221.

The Ninth Circuit did not interpret the statute to determine whether it requires employers to fund benefit plans. Rather, it accepted the defendants' concession that it did. We do not agree. The administrative rules implementing the statute state that, even though the total prevailing wage includes a usual benefits component, employers are not required to establish usual benefits programs. WAC 296-127-014(1). They may choose to pay the cash value of the usual benefits instead. *Id.* This is consistent with an attorney general opinion issued in 1975, which noted that the definition of the "prevailing rate of wage" in RCW 39.12.010(1) speaks in terms of the rate of hourly wage, usual benefits, and overtime paid, rather than upon any benefit plans or programs. 9 Op. Att'y Gen. (1975). Accordingly, the opinion concluded that the statute does not require the establishment of benefit programs, so long as wages are paid in an amount that includes the prevailing costs of such programs. *Id.* The opinion noted that this interpretation achieves the statute's purpose that government funds not be used to depress prevailing local wage standards. Contractors who pay both an hourly wage and provide benefits should not be at a disadvantage in bidding and securing public contracts against contractors who do not provide benefits. *Id.*

---

[1]In a CR 12(b)(6) motion, factual allegations are taken as true, but legal issues are subject to full judicial analysis. *See Contreras v. Crown Zellerbach Corp.*, 88 Wn.2d 735, 742, 565 P.2d 1173 (1977). Thus, the Ninth Circuit should not have accepted the effect of a statute, which is a question of law, under this rule.

■ ■ We agree with the attorney general opinion that the prevailing wage statute does not require employers to establish benefit programs or make benefit contributions. The respondents concede, both in their briefing and at oral argument, that an employer can satisfy the statute by making cash payments in lieu of benefits. Because *J.A. Jones*'s preemption holding was based on the faulty premise that the statute requires employers to make ERISA contributions and to make them at a certain level, we do not adopt it. Rather, we follow other jurisdictions that hold that ERISA does not preempt prevailing wage statutes similar to Washington's, which consider the amount of usual benefits in computing the total prevailing wage, but do not require that employers actually make such contributions. *See Associated Builders & Contractors, Saginaw Valley Area Chapter v. Perry*, 115 F.3d 386 (6th Cir. 1997); *Burgio & Campofelice, Inc. v. New York State Dep't of Labor*, 107 F.3d 1000 (2d Cir. 1997); *WSB Elec., Inc. v. Curry*, 88 F.3d 788 (9th Cir. 1996), *cert. denied*, 519 U.S. 1109, 117 S. Ct. 945, 136 L. Ed. 2d 834 (1997); *Minnesota Chapter of Associated Builders & Contractors v. Minnesota Dep't of Labor & Indus.*, 47 F.3d 975 (8th Cir. 1995); *Keystone Chapter, Associated Builders & Contractors v. Foley*, 37 F.3d 945 (3d Cir. 1994).

Each of these cases hold that prevailing wage statutes that consider the amount of usual benefits but do not require the establishment of benefit programs or benefit payments are not preempted by ERISA because they regulate wages, not benefits. Wages are a traditional subject of state concern and are not within ERISA's coverage. *Massachusetts v. Morash*, 490 U.S. 107, 118, 109 S. Ct. 1668, 104 L. Ed. 2d 98 (1989). Like the prevailing wage statutes in the above cases, Washington's statute does not prescribe the type of benefit plans or amount of contributions. Nor does it impose any sort of administrative burden on ERISA plans. Most importantly, the employer can comply with the prevailing wage statute without any ERISA plan whatsoever. Accordingly, applying the *Travelers* analysis, we conclude that the prevailing wage statute

does not "relate to" any employee benefit plans because Congress did not intend that ERISA control state wage regulation and the prevailing wage statute does not have an impermissible effect on ERISA plans.

The cases to the contrary cited by the respondents are inapposite or have been overruled. The respondents note that the Ninth Circuit determined that the "Washington prevailing wage law and 'usual benefits' regulation are preempted by ERISA" in *Inland Empire Chapter of Associated Gen. Contractors of Am. v. Dear*, 77 F.3d 296, 299 (9th Cir. 1996). *Inland Empire* dealt with an unrelated aspect of the prevailing wage statute that requires payment of prevailing wages to employees in apprenticeship programs that have not received approval by the state apprenticeship council but allows payment of lower apprenticeship wages to employees participating in state-approved programs. *Id.* at 298. Moreover, the Ninth Circuit's decision relied on its earlier holding in *Dillingham Constr. N.A. v. County of Sonoma*, 57 F.3d 712 (9th Cir. 1995), which has since been overruled by the United States Supreme Court. *Dillingham*, 117 S. Ct. 832. The respondents also relied on the Western District of New York's opinion in *Burgio & Campofelice*, which held that ERISA preempted New York's prevailing wage statute. *Burgio & Campofelice, Inc. v. New York State Dep't of Labor*, 914 F. Supp. 931 (W.D.N.Y. 1996). The Second Circuit has since overruled that case, finding no preemption. *See Burgio & Campofelice*, 107 F.3d 1000.

Contractor's Bond and Retained Percentage Statutes

We next consider whether ERISA preempts the Council's use of Washington's contractor's bond and retained percentage statutes to enforce Sybor's violation of the prevailing wage statute against ECI (the general contractor) and Continental (ECI's surety).

Chapter 39.08 RCW requires that general contractors on public works projects provide the contracting agency with a bond to protect the project's workers and suppliers. RCW

39.08.010. The persons protected by the bond have a right of action on the bond if they are not fully compensated for their work. RCW 39.08.030.

Chapter 60.28 RCW requires public agencies to retain in trust a percentage of the money owed the general contractor on a public works project to protect the payment of claims arising under the contract. RCW 60.28.011(1). Laborers and suppliers have a lien on the retainage if they are not fully compensated. RCW 60.28.011(2).

The Washington Supreme Court addressed a similar factual scenario in *Merit*, 123 Wn.2d 565. In *Merit*, as here, the subcontractor became insolvent before making contributions to a variety of employee benefit trust funds. *Id.* at 567. The trust funds attempted to collect the unpaid contributions from the general contractor's bond and retained percentage pursuant to RCW chapters 39.08 and 60.28. The court determined that the public works lien statutes created an "entirely separate cause of action against the general contractors who otherwise have no contractual obligation to the plans" and created a mechanism for funding employee benefit plans beyond that provided by ERISA. *Id.* at 572. Accordingly, it held that the enforcement and collection mechanisms "must yield to the extent they supplement those provided by ERISA."[2] *Id.* at 573.

██ If the Council is acting on the workers' behalf, we hold that *Merit* is distinguishable because the Council is

---

[2]Although we are bound by the Supreme Court's decision in *Merit*, we note that other jurisdictions, applying the *Travelers'* analysis, have since determined that similar statutes are not preempted by ERISA. *See, e.g., Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561 (2d Cir. 1995) (union's suit against surety for employer's failure to make fringe benefit payments not preempted); *Eacott v. Insurance Co. of N. Am.*, 40 Conn. App. 777, 673 A.2d 587 (1996) (suit by pension benefit plan against surety based on labor and material payment bond not preempted); *Hawai'i Laborers' Trust Funds v. Maui Prince Hotel*, 81 Haw. 487, 918 P.2d 1143 (1996) (trust funds' action to collect delinquent contribution by mechanic's lien not preempted); *Board of Trustees of Operating Eng'rs Local 825 Fund Serv. Facilities v. L.B.S. Constr. Co.*, 148 N.J. 561, 691 A.2d 339 (1997) (ERISA does not preempt suits by union trust funds against sureties that have issued bonds to employers for public works project pursuant to New Jersey bond act).

attempting to enforce the prevailing wage law, not collect unpaid pension contributions. In *Merit*, the trust funds attempted to utilize the bond and retainage statutes to enforce the trust agreements against the surety and the retained percentage, which would not otherwise have an obligation to the benefit plans. While it is true that Sybor failed to make payments to the trust funds, the Council here seeks to enforce the prevailing wage statute, not fund the pension plans. Its complaint seeks wages due under the statute, not benefits due under the trust agreement. Thus, we need not look to the trust agreements to determine the amount owed. Nor is this an alternative funding mechanism for an ERISA plan. The respondents conceded at oral argument that an employer could satisfy the prevailing wage statute by paying the entire amount in cash, and that an employee entitled to cash payments could enforce the prevailing wage statute using the bond and retainage statutes. We see no reason why ERISA should create a dichotomy prohibiting employees promised benefits rather than cash from enforcing the prevailing wage statute.

The respondents request that we follow the Illinois Court of Appeal's approach in *Construction & Gen. Laborers' Dist. Council v. James McHugh Constr. Co.*, 230 Ill. App. 3d 939, 596 N.E.2d 19, *appeal denied*, 146 Ill. 2d 625, 602 N.E.2d 449 (1992). In that case, as here, a union district council utilized a prevailing wage statute to seek unpaid pension benefits. The Illinois Court of Appeals determined that, because the "wages" the council sought to recover were in the form of unpaid pension benefits, the claim was preempted by ERISA. *Id.* at 947. We decline to take such a narrow view of the facts.

██ The respondents also contend that the Council cannot bring a prevailing wage action on its own behalf and, therefore, it must be acting as the assignee or agent of the workers or the trust funds and subject to the same defenses. We agree that *Merit* would preclude an action if the Council is acting on behalf of the trust funds as the suit

would constitute an alternative enforcement mechanism of an ERISA fund. If, however, the Council represents the workers, who have a statutory right to bring a prevailing wage enforcement action, *Merit* does not apply because the retained percentage and bond statutes are used as a mechanism to enforce the prevailing wage statute rather than to fund ERISA pension plans. As we do not sit as fact finders, we remand to the trial court to determine whom the Council represents.[3]

## Attorney Fees

■ The Council requests attorney fees pursuant to RCW 39.08.030 and 60.28.030. These statutes provide for attorney fees when a claimant successfully recovers against a contractor's bond or retained percentage. Although the Council is the prevailing party on appeal, it is has not yet recovered funds under either statute and therefore is not yet entitled to attorney fees.

We reverse and remand.

BAKER, C.J., and ELLINGTON, J., concur.

---

[3]The Council contends that it has an independent cause of action, relying on its status as an "interested party" under the prevailing wage statute. *See* RCW 39.12.010(4). But the statute allows an interested party to complain only to the Department of Labor and Industries, which will then proceed against the general contractor's surety bond or the retained percentage. RCW 39.12.065(2). A "claimant" may pursue a private right of action against a contractor or subcontractor. RCW 39.12.065(1). We are not convinced that an "interested party" has an independent right of action for unpaid prevailing wages.