[No. 40827-5-I.   Division One.   January 25, 1999.]

IRONWORKERS DISTRICT COUNCIL OF THE PACIFIC NORTHWEST, *Appellant*, v. UNIVERSITY OF WASHINGTON BOARD OF REGENTS, ET AL., *Respondents.*

IRONWORKERS DISTRICT COUNCIL OF THE PACIFIC NORTHWEST, *Appellant*, v. SEATTLE CENTRAL COMMUNITY COLLEGE, ET AL., *Respondents.*

*Melvin R. Kang* of *Schwerin Campbell Barnard, L.L.P.*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Karin L. Nyrop, Assistant*, for respondents Board of Regents and Seattle Central Community College.

*Dale R. Ulin* of *Ulin & Lambe, P.S.*, for respondents M.A. Mortenson Co., Martyn Daniel Construction, Federal Insurance Co., and National Union Fire Insurance Co.

*Christine O. Gregoire, Attorney General*, and *Martha P.*

*Lantz, Assistant,* on behalf of Department of Labor and Industries, amicus curiae.

*John R. Ranquet* on behalf of Painters Health/Welfare Trust, amicus curiae.

AGID, A.C.J. — A trade council can bring an action in superior court on behalf of workers not fully compensated for their work, seeking to foreclose on the employer's bond and retainage to enforce the prevailing wage statute. But where the organization brings the action in its own name and not as a representative of the affected workers, based only on its status as an "interested party," it lacks standing to invoke the jurisdiction of the court without first exhausting its statutory administrative remedies. Because the Ironworkers District Council of the Pacific Northwest did just that, we affirm the trial court's order dismissing its suit.

## FACTS

The University of Washington (UW) and Seattle Central Community College (SCCC) hired M.A. Mortenson as a general contractor for two separate construction projects. Mortenson posted payment bonds on each of the projects to comply with the contracts and RCW 39.08.[1] To further protect those performing labor or furnishing supplies for the projects, UW and SCCC retained in trust a percentage of Mortenson's progress payments in accordance with RCW 60.28.

[1] Federal Insurance Company and National Union Fire Insurance Company acted as sureties.

Mortenson hired Martyn Daniel Construction, Inc., and Pacific Rim Consultants, Inc., as subcontractors on the two projects. To perform their obligations under the contracts, the subcontractors signed collective bargaining agreements with ironworkers who were members of Local Union 86. Ironworkers District Council of the Pacific Northwest (Council), made up of Local Union 86 and various other local unions in Washington, Alaska, Oregon, and Montana, represented the ironworkers as their collective bargaining agent.

In the collective bargaining agreement, the subcontractors agreed to pay the ironworkers $28.13 per hour, more than the prevailing wage of $27.42. Of that amount, the subcontractors were required to pay $18.46 per hour in salaries and the remaining $9.67 per hour in benefits to be paid into a variety of Employee Retirement Income Security Act (ERISA) trust funds. The subcontractors, now insolvent, paid the salaries but never paid the amount reserved for benefits.

The Council sought to foreclose liens against the retainage fund and payment bonds. The UW and SCCC actions were consolidated for trial. The trial court granted defendants' motion for summary judgment but did not state the basis for its ruling. The Council appeals.

## DISCUSSION

In *Ironworkers District Council v. Woodland Park Zoo Planning and Development*,[2] we held that ERISA does not preempt Washington's prevailing wage statute, and a district council suing on behalf of employees not fully compensated for their work could use the bond and retainage statutes to enforce the prevailing wage.[3] We remanded the case because we could not determine whether the council was acting on behalf of the trust funds or those

[2]87 Wn. App. 676, 942 P.2d 1054 (1997).

[3]*Id.* at 685, 688.

having a statutory right to bring a prevailing wage enforcement action.[4] An action on behalf of the trust funds would be preempted by the Federal Employment Retirement Income Security Act of 1974.[5]

■■■ As the Council correctly points out, the workers whose benefits were not paid have standing to bring a claim in superior court in their own names for unpaid wages.[6] In the case before us, however, the Council does not contend that it represents the workers in any capacity except as their collective bargaining agent. In fact, it admitted in discovery that it has no authorization from the workers to bring an action to recover the unpaid wages or benefits.[7] Instead, it asserts in its complaint and argues on appeal that it has standing to maintain an action under the prevailing wage statute as an "interested party" on the basis of its collective bargaining agency relationship alone.[8]

In *Woodland Park* we noted that we were "not convinced" that an interested party could maintain an independent cause of action to enforce the prevailing wage statute. Although we did not there have to decide the issue, it appeared to us that an interested party's access to superior court would be limited to an appeal from a Department of Labor and Industries decision.[9] In an attempt to overcome our skepticism, the Council acknowledges, in effect, that

[4]*Id.*

[5]*Id.*

[6]*See* RCW 39.08.030 and RCW 60.28.030.

[7]Had the workers assigned their claims to the Council, or had the Council demonstrated why it was not possible or practical to do so, we would of course have a different case. See discussion *infra* at 741.

[8]"Interested party" is a term of art under RCW 39.12.010(4). It may file a complaint with the Department of Labor and Industries on behalf of affected workers and appeal the Department's decision to superior court.

[9]*Woodland Park Zoo*, 87 Wn. App. at 689 n.3 ("The Council contends that it has an independent cause of action, relying on its status as an 'interested party' under the prevailing wage statute. But the statute only allows an interested party to complain to the Department of Labor and Industries, which will then proceed against the general contractor's surety bond or the retained percentage. A 'claimant' may pursue a private right of action against a contractor or subcontractor.

RCW 39.12 does not explicitly provide interested parties with an independent right of action. Instead it argues that the statute should be liberally construed to permit a suit by trade organizations in their own right. We do not find persuasive its arguments that this construction is necessary to further the statute's remedial purpose.

In *Southeastern Washington Building and Construction Trades Council v. Department of Labor and Industries,*[10] the Supreme Court stated that because the prevailing wage statute was remedial, it should be liberally construed to effect its purpose.[11] The court held that the purpose of RCW 39.12.060's arbitration provision could best be served "by according to organizations such as the trades council the right to seek enforcement of the statutory provisions, to the extent that judicial and administrative remedies are available."[12] The court reasoned that trade councils, as interested parties, are in a much better position to gather and present evidence of prevailing wages than are individual employees, and the information they provide should be useful to the Department of Labor and Industries in reaching a decision on a prevailing wage determination.[13]

The standing analysis in *Southeastern Washington Building and Construction* does not compel the same result in this case. The cases differ in a number of ways, most notably in the type of relief sought. Generally, "an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the

---

We are not convinced that an 'interested party' has an independent right of action for unpaid prevailing wages." (Citations omitted.)).

[10]91 Wn.2d 41, 586 P.2d 486 (1978).

[11]*Id.* at 45-46 ("While the section providing for arbitration could be strictly construed to apply only to the parties to a given contract, such a construction would limit the effectiveness of the act.").

[12]*Id.* at 45.

[13]*Id.* at 46.

participation of individual members in the lawsuit."[14] But an organization does not have standing to invoke the court's remedial powers on behalf of its members where, as here, the organization seeks damages and yet alleges neither monetary injury to itself nor assignment of its members' damage claims.[15]

> If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured. Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind.
>
> The present case, however, differs significantly as here an association seeks relief *in damages* for alleged injuries to its members. Home Builders [the association] alleges no monetary injury to itself, *nor any assignment of the damages claims of its members*. No award therefore can be made to the association as such.[16]

The Council must therefore assert a claim on behalf of its members because it lacks standing to assert a claim for damages on its own behalf.[17] A claim on behalf of the trust fund to force payment from the bond and retainage into the trust funds is preempted by ERISA.[18]

The Council also fails to explain why it should not use the administrative remedy provided by RCW 39.12.065. To do so, the Council must show that an interested party is

---

[14]*Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 2441, 53 L. Ed. 2d 383 (1977) (citing *Warth v. Seldin*, 422 U.S. 490, 515, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). The federal approach to association standing was adopted by the Washington Supreme Court in zoning cases. *See Save a Valuable Env't (SAVE) v. City of Bothell*, 89 Wn.2d 862, 868, 576 P.2d 401 (1978).

[15]*See Warth*, 422 U.S. at 515.

[16]*Id.* (emphasis added; citations omitted).

[17]We note that because the trust funds must pay benefits to the affected workers whether or not the subcontractors pay their contributions, the benefits from this action would inure to them.

[18]*Puget Sound Elec. Workers Health & Welfare Trust Fund v. Merit Co.*, 123 Wn.2d 565, 572-73, 870 P.2d 960 (1994).

unduly burdened by the administrative process provided by statute or that using those procedures would be futile.[19] The Supreme Court in *Southeastern Washington Building and Construction* permitted interested parties to seek arbitration in a dispute arising between the parties about the prevailing wage rate because that was the only way they could participate in the decision-making process. A prevailing wage dispute must be submitted to the Department of Labor and Industries for arbitration under RCW 39.12.060.[20] The director's *prevailing wage determination* is "final and conclusive and binding on all parties involved in the dispute."[21] There is thus no appeal. In contrast, interested parties asserting a prevailing wage *violation* are explicitly provided with an administrative procedure to address their claims under RCW 39.12.065, which may then be appealed to superior court.[22]

Because of the differences in the administrative schemes, we fail to see how the remedial purpose of the statute would be served by allowing an interested party to avoid the administrative remedy provided by statute and instead to bring a prevailing wage claim in superior court on its own behalf.

## CONCLUSION

The prevailing wage statute does not specifically provide an interested party with an independent cause of action. Any attempt by a claimant under the statute to use the bond and retainage statutes to enforce a trust agreement would constitute an alternative enforcement mechanism preempted by ERISA. Nor is the remedial purpose of the

---

[19]*See South Hollywood Hills Citizens Ass'n for Preservation of Neighborhood Safety & Env't v. King County*, 101 Wn.2d 68, 74, 677 P.2d 114 (1984) (recognizing exceptions to the exhaustion of administrative remedies requirement where resort to the administrative process would be futile).

[20]*Southeastern Wash. Bldg. & Constr.*, 91 Wn.2d at 47.

[21]RCW 39.12.060.

[22]RCW 39.12.065(1).

statute served by granting an organization standing to sue on its own behalf to collect damages for alleged injuries to its members where the organization alleges no monetary injury to itself, nor any assignment of the damages claims of its members. For these reasons, we affirm the trial court's dismissal of the Council's claims with prejudice.

BECKER and APPELWICK, JJ., concur.