FRIEDMAN, Circuit Judge.
 

 This is an appeal from an order of the United States Claims Court granting the United States’ motion for summary judgment and dismissing the petition. The appellant Unity Bank & Trust Company (Unity Bank) contends primarily that the Davis-Bacon Act, 40 U.S.C. § 276a et seq. (1976), required the Department of Labor to investigate Unity Bank’s assignor’s wage reports to ascertain whether the assignor was paying the statutorily mandated wages, and that the government’s failure to do so caused the bank’s claimed losses. We affirm on the ground that under the Davis-Bacon Act the United States was not obligated to conduct such an investigation.
 

 I
 

 On March 16, 1978, P & R Professional Painting (P & R) entered into a contract with the Small Business Administration to paint buildings at Hanscom Air Force Base for $23,984. P & R obtained a loan from Unity Bank to finance the project. As security for the loan, P & R assigned to Unity Bank its right to payment under the contract, in accordance with the Assign
 
 *872
 
 ment of Claims Act, 41 U.S.C. § 15 (1976). The contract price was subsequently increased to $55,984 to cover additional painting services. Unity Bank made total loans to P & R of $55,110.
 

 The contract was subject to the prevailing wage requirements of the Davis-Bacon Act. Section 276a of that Act requires the contractor to pay laborers and mechanics no less than the minimum prevailing wage as determined by the Secretary of Labor. 40 U.S.C. § 276a (1976). The Secretary set an hourly rate of $10.92 for the job of painter involved in this contract.
 

 As work under the contract progressed, the United States made two disbursements to Unity Bank totalling $23,984. On October 26, 1978, several of P & R’s employees filed a complaint with the contracting officer alleging that they had not been paid the prevailing wage. The contracting officer immediately stopped further disbursements. An investigation by the Department of Labor revealed that P & R had underpaid 14 employees a total of $24,-434.78. The Department of Labor requested the Air Force to withhold final payment on the contract, which the Air Force did. The contract was satisfactorily completed on May 24, 1979.
 

 P & R entered into a settlement agreement with the Department of Labor whereby the Air Force transferred the $24,434.78 to the General Accounting Office for distribution to the 14 employees.
 

 On May 3, 1982, Unity Bank filed this suit to recover the entire amount of withheld funds. The Claims Court granted the United States’ motion for summary judgment and dismissed the suit. In a comprehensive opinion it held that the government withholding of funds was the proper remedy for P & R’s Davis-Bacon Act violation and that the assignee bank had no greater right to the funds than its assignor. 5 Cl.Ct. 380 (1984).
 

 II
 

 On appeal to this court, Unity Bank contends that the Davis-Bacon Act required the United States to check the weekly wage reports of its contractors to assure compliance with the prevailing wage requirements of the Act and that the government’s failure to make an adequate investigation was a breach of the duty it owed to Unity Bank. Unity Bank also argues that it is entitled to a greater degree of protection as an assignee under the Assignment of Claims Act than under the general law of assignment, and that the United States was estopped from withholding funds pursuant to the Davis-Bacon Act because (1) it should have known that the Act had been violated, and (2) it made two progress payments to Unity Bank which induced the bank to continue financing of the project.
 

 The Claims Court properly rejected Unity Bank’s argument based on the Assignment of Claims Act. 5 Cl.Ct. at 384. The Claims Court also correctly held that the United States did not have actual or constructive notice of any Davis-Bacon Act violations and was not estopped from withholding the funds.
 
 Id.
 
 at 386. The court’s opinion thoroughly discussed those points, and we rely upon it as a basis for affirming its ruling on those issues. We discuss here only Unity Bank’s contention that the United States had a duty under the Davis-Bacon Act to investigate the weekly wage filings of its contractors — an argument that Unity Bank either did not stress or made somewhat differently in the Claims Court.
 

 The Davis-Bacon Act requires that government contracts it covers authorize withholding, from payments to the contractor, of amounts the contracting officer considers necessary to pay to employees the difference between the wages they have received and the prevailing wage set by the Secretary. 40 U.S.C. § 276a(a). It further directs the Secretary to adopt “reasonable regulations” for contractors and subcontractors working on public buildings and public works, “including a provision that each contractor and subcontractor shall furnish weekly a statement with regard to the wages paid each employee during the preceding week.” 40 U.S.C. § 276c.
 

 
 *873
 
 Pursuant to these provisions, the Secretary of Labor has promulgated regulations to enforce the labor standard provisions of the Davis-Bacon Act and other related acts. 29 C.F.R. §§ 5.0-5.32 (1976). Federal agencies are required to include in all construction contracts to which the Davis-Bacon Act applies specified provisions designed to assure compliance with the prevailing wage standards. Under these contractual provisions the contractor must submit weekly copies of all payrolls, accompanied by a signed “Statement of Compliance.”
 
 Id.
 
 § 5.5(a)(2). The regulations also authorize the contracting officer to withhold the portion of accrued payments that is necessary to pay the employees the difference between the wages they received and the prevailing wage. 40 U.S.C. § 276a(a); 29 C.F.R. § 5.5(a)(2).
 

 The regulations in force at the time provided further that
 

 (2) The Federal agency shall make such examination of the submitted payrolls and statements as may be necessary to assure compliance with the labor standards clauses required by the regulations ____
 

 (3) In addition to the examination of payrolls and statements required by [the above] paragraph ..., the Federal agency shall cause the investigations to be made as may be necessary to assure compliance with the labor standards clauses____ In the case of contracts which extend over a long period of time the investigation shall be made with such frequency as may be necessary to assure compliance.
 

 Id.
 
 § 5.6(a)(2), (3).
 

 Neither the statute nor the regulations impose a duty on the Department of Labor or the federal agency to make regular investigations of the records of each ongoing federal contract. They leave it to the discretion of the agency to determine whether and when to conduct an investigation of a contractor’s compliance with the prevailing wage provisions.
 

 The regulations require only such investigations “as may be necessary to assure compliance with the labor standards clauses.” Contractors must submit weekly wage statements and a “Statement of Compliance.” It is for the agency to determine whether a particular contractor’s reports raise any issue that warrants investigation. The mandatory routine investigations that Unity Bank’s position would require the Department of Labor and the agencies to conduct would create an impossible administrative burden in light of the thousands of federal construction contracts that are being performed at any particular time.
 

 The Department of Labor makes spot checks and .promptly investigates when there have been allegations of violations. In this case the Department issued its first withholding request seven weeks after receipt of the complaints. The enforcement provisions do not require a higher degree of monitoring than that taken in this case.
 

 The Davis-Bacon Act was enacted to protect the employees of government contractors from substandard earnings and to preserve local wage standards.
 
 Universities Research Ass’n v. Coutu,
 
 450 U.S. 754, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981);
 
 Walsh v. Schlecht,
 
 429 U.S. 401, 97 S.Ct. 679, 50 L.Ed.2d 641 (1977). The employees, not the contractor or its assignee, are the beneficiaries of the Act. The regulations and contractual provisions relied on by Unity Bank are a means by which the government can supervise and enforce the prevailing wage standards for the benefit of the employees. They do not impose a duty on the government to check every wage filing.
 

 The order of the Claims Court dismissing the petition is affirmed.
 

 AFFIRMED.