[No. 53879–4. En Banc. January 21, 1988.]

EVERETT CONCRETE PRODUCTS, INC., *Appellant,* v. THE
DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*David W. Wiley* and *Frederick T. Rasmussen,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Michael H. Weier, Assistant,* for respondent.

*Richard H. Robblee* on behalf of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, amicus curiae for respondent.

CALLOW, J.—Washington's prevailing wage law, RCW 39.12.010 *et seq.,* provides that the wages paid to workers on public works projects must be not less than the prevailing wage for similar work in the locality where the labor on the public works project is performed. RCW 39.12.020. This case presents the issue of whether the prevailing wage law applies to the off–site manufacture of prefabricated items for use on a particular public works project.

In early fall 1982, the Department of Transportation awarded Guy F. Atkinson Construction Co. (Atkinson) the contract for the Mt. Baker Ridge Tunnel Public Works Project. Under the terms of the contract, Atkinson was to excavate and construct a tunnel for the Interstate 90 highway in Seattle. The earth at the tunnel site is loose and could not be excavated by traditional methods. As a result, Atkinson designed and utilized concrete tunnel liners to provide a supportive ring in the tunnel during excavation.

In April 1983, Atkinson arranged to have Everett Concrete Products (ECP) manufacture the tunnel liners required for the Mt. Baker project. ECP agreed to manufacture 30,000 lineal feet of liners in accordance with measurements specified by Atkinson and the Department of Transportation. ECP manufactured the tunnel liners on

special forms built to meet the size and measurement requirements of the tunnel. The manufacture of the liners took place on these forms at ECP's plant in Everett. Atkinson then contracted with trucking companies to deliver the liners to the site of the project.

In May 1984, general counsel for the Washington and Northern Idaho Council of the Laborers' International Union of North America wrote to the Department of Labor and Industries and asked whether the prevailing wage law applied to ECP's manufacture of tunnel liners for the Mt. Baker project. In response to this inquiry, Labor and Industries sent an industrial statistician to inspect ECP's facility in Everett and the tunnel site in Seattle. After conferring with his superiors, the statistician determined that the prevailing wage law did apply to ECP.

ECP challenged this determination, and the matter subsequently was referred for arbitration, pursuant to RCW 39.12.060 which provides in part:

> [I]n case any dispute arises as to what are the prevailing rates of wages for work of a similar nature and such dispute cannot be adjusted by the parties in interest . . . the matter shall be referred for arbitration to the director of the department of labor and industries . . .

After a hearing, the administrative law judge (ALJ) upheld Labor and Industries' application of the prevailing wage law to ECP.

I

ECP contends that the ALJ erred in holding that the prevailing wage law applied to ECP. First, ECP argues that RCW 39.12 should not include off-site product manufacturers within its scope, except under certain narrow circumstances. Second, ECP asserts that the ALJ erred in characterizing ECP as a subcontractor rather than a materialman.

To determine the scope of Washington's prevailing wage law, we look first to the relevant statutory language. *Service Employees, Local 6 v. Superintendent of Pub.*

*Instruction,* 104 Wn.2d 344, 348, 705 P.2d 776 (1985). If a statute is unambiguous, its meaning must be derived from its language alone. *Stewart Carpet Serv. v. Contractors Bonding & Ins. Co.,* 105 Wn.2d 353, 358, 715 P.2d 115 (1986). If the statute is ambiguous, resort may be had to other sources to determine its meaning. *PUD 1 v. WPPSS,* 104 Wn.2d 353, 369, 705 P.2d 1195, 713 P.2d 1009 (1985).

In this case the relevant statutory language is set forth in RCW 39.12.020, which provides in part:

> The hourly wages to be paid to laborers, workmen or mechanics, upon all public works and under all public building service maintenance contracts of the state or any county, municipality or political subdivision created by its laws, shall be not less than the prevailing rate of wage for an hour's work in the same trade or occupation in the locality within the state where such labor is performed.

According to the language of the statute, prevailing wages must be paid to those employed "upon all public works". The ALJ in this case interpreted the phrase "upon all public works" in RCW 39.12.020 to include within its scope work performed off the actual site of the public works project. He held that the prevailing wage law could be extended to cover off-site workers as long as they were "employed in the performance of the contract."

ECP concedes that the prevailing wage law can be applied to off-site work on a public works project. However, it argues that the ALJ erred in extending the scope of RCW 39.12 to cover ECP's manufacture of tunnel liners. It contends that the prevailing wage requirement should be interpreted in accordance with decisions and regulations in other jurisdictions examining state prevailing wage laws and the federal prevailing wage law, the Davis–Bacon Act (40 U.S.C. § 276a). According to these decisions and regulations the prevailing wage requirement would only be imposed on off-site manufacturers having a sufficient nexus to the public works project. Relevant factors in determining whether such nexus exists should include physical location

of the project site, the nature of the relationship between the parties performing the work, and the characteristics of the product itself. *See* 29 C.F.R. § 5.2(l) (1985); *H.B. Zachry Co. v. United States,* 344 F.2d 352, 360 (Cl. Ct. 1965); *Sitka v. Construction & Gen. Laborers, Local 942,* 644 P.2d 227, 232 (Alaska 1982).

## II

■ The construction of the phrase "upon all public works" involves a question of law. Therefore, we may engage in de novo review, but should accord substantial weight to the agency interpretation. *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 325, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983).

RCW 39.12.020 does not specifically state whether prevailing wages must be paid to workers employed in the performance of a public works project who are not working on the actual project site. Thus, we must determine its scope from the applicable rules of statutory construction assisted by any interpretation previously given to the statute by the Attorney General or Labor and Industries.

■ RCW 39.12 is remedial and should be construed liberally. *Southeastern Wash. Bldg. & Constr. Trades Coun. v. Department of Labor & Indus.,* 91 Wn.2d 41, 44, 586 P.2d 486 (1978). A liberal construction should carry into effect the purpose of the statute. *See State v. Douty,* 92 Wn.2d 930, 936, 603 P.2d 373 (1979).

■ The purpose behind Washington's prevailing wage law can be discovered by understanding the purpose behind the federal prevailing wage law, the Davis–Bacon Act, 40 U.S.C. § 276a, which served as a model for RCW 39.12. *Drake v. Molvik & Olsen Elec., Inc.,* 107 Wn.2d 26, 29, 726 P.2d 1238 (1986). The Davis–Bacon Act was enacted "to protect the employees of government contractors from substandard earnings and to preserve local wage standards . . . The employees, not the contractor or its assignee, are the beneficiaries of the Act." *Unity Bank & Trust Co. v. United States,* 756 F.2d 870, 873 (Fed. Cir. 1985). As stated

in *Building Trades Coun.,* at 45:

a purpose of the Davis–Bacon Act was to provide protection to local craftsmen who were losing work because contractors engaged in the practice of recruiting labor from distant cheap labor areas.

This purpose will be served by extending the application of RCW 39.12 to off–site manufacturers involved in public works by preventing contractors from parceling out portions of the work to various off–site manufacturers as a means of avoiding the prevailing wage requirement.

Another canon of statutory construction provides that "when the legislature of a state adopts a statute which is identical or similar to one in effect in another state or country, the courts of the adopting state usually adopt the construction placed on the statute in the jurisdiction in which it originated." 2A N. Singer, *Statutory Construction* § 52.02 (4th ed. 1984). As noted, Washington's prevailing wage law is based on the Davis–Bacon Act, 40 U.S.C. § 276a. *Building Trades Coun.,* at 44. Thus, cases and regulations interpreting that act may be relevant and persuasive to an analysis of RCW 39.12. The Davis–Bacon Act provides that:

(a) The advertised specifications for every contract in excess of $2,000, to which the United States . . . is a party, for construction, alteration, and/or repair, . . . of public buildings or public works of the United States . . . which requires or involves the employment of mechanics and/or laborers shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics which shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the city, town, village, or other civil subdivision of the State, in which the work is to be performed . . . and every contract based upon these specifications shall contain a stipulation that the contractor or his subcontractor shall pay all mechanics and laborers employed directly upon the site of the work, unconditionally and not less often than once a week, and without subsequent

deduction or rebate on any account, the full amounts accrued at time of payment, computed at wage rates not less than those stated in the advertised specifications, regardless of any contractual relationship which may be alleged to exist between the contractor or subcontractor and such laborers and mechanics . . .

Although the Davis–Bacon Act limits application of the prevailing wage law to employees of contractors or subcontractors who are employed "directly upon the site of the work," the site of the work has been construed to encompass off–site manufacturing. 29 C.F.R. § 5.2(l) (1987) states that:

(l) The term "site of the work" is defined as follows:

(1) The "site of the work" is limited to the physical place or places where the construction called for in the contract will remain when work on it has been completed and, as discussed in paragraph (l)(2) of this section, other adjacent or nearby property used by the contractor or subcontractor in such construction which can reasonably be said to be included in the "site".

(2) Except as provided in paragraph (l)(3) of this section, fabrication plants, mobile factories, batch plants, borrow pits, job headquarters, tool yards, etc., are part of the "site of the work" provided they are dedicated exclusively, or nearly so, to performance of the contract or project, and are so located in proximity to the actual construction location that it would be reasonable to include them.

(3) Not included in the "site of the work" are permanent home offices, branch plant establishments, fabrication plants, and tool yards of a contractor or subcontractor whose locations and continuance in operation are determined wholly without regard to a particular Federal or federally assisted contract or project. In addition, fabrication plants, batch plants, borrow pits, job headquarters, tool yards, etc., of a commercial supplier or materialman which are established by a supplier of materials for the project before opening of bids and not on the project site, are not included in the "site of the work". Such permanent, previously established facilities are not a part of the "site of the work", even where the operations for a period of time may be dedicated exclusively, or nearly so, to the performance of a contract.

ECP contends that the factors set forth in the regulations interpreting the Davis–Bacon Act should be applied to determine whether ECP's manufacture of tunnel liners should be subject to the requirements of RCW 39.12. ECP contends that because its plant is located 40 miles from the site of the Mt. Baker tunnel site and in another county, and because ECP is involved in other projects besides the Mt. Baker tunnel, it should not be required to pay prevailing wages to its employees who are manufacturing tunnel liners.

 ECP's argument would be persuasive if the language of RCW 39.12 was identical to that in the Davis–Bacon Act. However, a court need not adopt the construction placed on a similar statute in another state if the language of the statute in the adopting state is substantially different from the language in the original statute. 2A N. Singer § 52.02. "[A] provision of the federal statute cannot be engrafted onto the state statute where the Legislature saw fit not to include such provision." *Nucleonics Alliance, Local 1–369 v. WPPSS*, 101 Wn.2d 24, 34, 677 P.2d 108 (1984).

In this case, the Washington Legislature departed from the language of the Davis–Bacon Act when it enacted RCW 39.12. The Davis–Bacon Act provides for payment of prevailing wages to "mechanics and laborers employed *directly* upon the site of the work". (Italics ours.) 40 U.S.C. § 276a. In contrast, RCW 39.12.020 provides for payment of prevailing wages to "laborers, workmen or mechanics, upon all public works". The omission of the word "directly" from the language of RCW 39.12.020 leads to the conclusion that the Legislature intended the scope of the state prevailing wage law to be broader than that of the Davis–Bacon Act. ECP's reliance on regulations interpreting the Davis–Bacon Act is misplaced.

*Department of Transp. v. State Employees' Ins. Bd.*, 97 Wn.2d 454, 461, 645 P.2d 1076 (1982) noted that

[T]here is the well known rule of statutory interpretation that the construction placed upon a statute by an administrative agency charged with its administration

and enforcement, while not absolutely controlling upon the courts, should be given great weight in determining legislative intent.

Here the Department of Labor and Industries interpreted RCW 39.12 in a regulation explaining the definition of "locality" as defined in RCW 39.12.010(2). WAC 296–127–020(3) provides:

> The definition of "locality" in RCW 39.12.010(2) contains the phrase "wherein the physical work is being performed." The department interprets this phrase to mean the actual work site. *For example, if materials are prefabricated in a county other than the county wherein the public works project is to be completed, the wage for the prefabrication shall be the prevailing wage for the county where the physical work of prefabrication is actually performed.* Standard items for sale on the general market are not subject to the requirements of chapter 39.12 RCW.

(Italics ours.) Implicit in this rule is the assumption that off–site manufacturers may be subject to the prevailing wage law. As the Department of Labor and Industries noted in its brief, "[i]t makes no sense to explain how to calculate the rate for off–site prefabrication work if the rate does not apply to such work."

■■ Finally, a 1967 Washington Attorney General opinion interpreting RCW 39.12 stated that the phrase "upon all public works" should not limit the application of the prevailing wage requirement to employees working at the actual public works project site. AGO 15 (1967), at 6. This opinion responded to an inquiry concerning whether RCW 39.12 applies to subcontractors and the extent to which RCW 39.12 was applicable to prefabricated items construed to become part of a public works project. The opinion summarized its answer to these questions as follows:

> The requirement of chapter 39.12 RCW that the "prevailing rate of wage" be paid to laborers, workmen or mechanics upon all public works of the state, or any county, municipality or political subdivision, is applicable to labor performed in an off–the–job–site prefabrication

by employees of the prime contractor, subcontractor, or other persons doing or contracting to do the whole or any part of the work contemplated by the contract, provided that the prefabricated "item or member" is produced specially for the particular public works project and not merely as a standard item for sale on the general market.

AGO 15 (1967), at 10. An Attorney General opinion is not controlling, but is entitled to considerable weight. *Bellevue Fire Fighters, Local 1604 v. Bellevue,* 100 Wn.2d 748, 751 n.1, 675 P.2d 592, *cert. denied,* 471 U.S. 1015 (1984).

ECP urges the court to limit RCW 39.12 by restricting its application to on–site employers and those off–site employers having a sufficient nexus with the site of the public works project. We find a broader interpretation appropriate in view of the overall purpose behind RCW 39.12, significant differences in language between RCW 39.12.020 and comparable language in the Davis–Bacon Act, and the prior interpretations of RCW 39.12 by the Department of Labor and Industries and the Attorney General.

### III

ECP also challenges the ALJ's classification of ECP as a subcontractor rather than a materialman. The ALJ stated that employers supplying materials to public works projects are not required to pay their employees prevailing wages, but held that ECP was a subcontractor, as defined in *Neary v. Puget Sound Eng'g Co.,* 114 Wash. 1, 8, 194 P. 830 (1921). *Neary* stated that a subcontractor is "one who takes from the principal contractor a specific part of the work". The ALJ determined that ECP fit this definition because it "took the raw materials of sand and gravel and cement and by the application of a particular process turned them into a unique product capable of being used largely only on the Mt. Baker Ridge Tunnel."

Although the ALJ held that the prevailing wage law does not apply to materialmen, this result is not mandated by the language of the statute. RCW 39.12.030 states:

The specifications for every contract for the construction, reconstruction, maintenance or repair of any public

work to which the state or any county, municipality, or political subdivision created by its laws is a party, shall contain a provision stating the hourly minimum rate of wage, not less than the prevailing rate of wage, which may be paid to laborers, workmen or mechanics in each trade or occupation required for such public work employed in the performance of the contract either by the contractor, subcontractor *or other person doing or contracting to do the whole or any part of the work contemplated by the contract,* and the contract shall contain a stipulation that such laborers, workmen or mechanics shall be paid not less than such specified hourly minimum rate of wage.

(Italics ours.) This language should be contrasted with the Davis–Bacon Act, which limits the application of prevailing wage requirements to employees of contractors and subcontractors. *See* 40 U.S.C. § 276a(a). Because of the inclusion of the phrase "or other person doing or contracting to do the whole or any part of the work contemplated by the contract" in RCW 39.12.030, Washington's prevailing wage law should not be limited in application to employees of contractors and subcontractors, but can be extended to include employees of materialmen in certain situations.

RCW 39.12.030 has been so construed. The 1967 Attorney General opinion stated that the prevailing wage requirements of RCW 39.12 apply to materialmen engaged in the manufacture of prefabricated items produced specifically for a particular public works project. AGO 15 (1967), at 6, 7. The opinion distinguished between the off–site production of standard materials to be used in a public works project and the off–site manufacture of items manufactured specifically for a project.

It is asserted that the Attorney General's opinion was misguided in its reliance on *Hague v. Cleary,* 48 P.2d 5 (Cal. 1935) which was, according to the brief of appellant ECP, overruled *sub silentio* by *Pacific Mfg. Co. v. Leavy,* 14 Cal. App. 2d 640, 58 P.2d 1292 (1936). Both cases involved a public works prevailing wage ordinance of the City and County of San Francisco. We note that *Hague v.*

*Cleary, supra,* is from the California Supreme Court and that its decision could not be overruled by a decision of the California Court of Appeals either *"sub silentio"* or directly. We further note that the cases are not in conflict. *Hague* holds that when goods are manufactured for a public works contractor upon special order and not for the general market, the contract can be construed as one for labor. *Pacific Mfg.* held that millwork purchased by a general contractor for installation in a public school being built by the contractor was *material* furnished not in specific performance of a public work, but as the furnishing of a general purpose chattel. *Pacific Mfg.,* a suit brought to compel payment for millwork by the city comptroller, does not mention *Hague v. Cleary, supra. Hague* does stand for the proposition that when off–site prefabrication of a component part takes place for specific use of the item on a specific public works project, then the prevailing wage ordinance of San Francisco applied, while *Pacific Mfg.* required the City to pay for millwork placed in a public school by the general contractor regardless of whether the millwork manufacturer complied with the ordinance. AGO 15 (1967) is not weakened by the rationale of *Pacific Mfg.*

While the Attorney General's adoption of the standard/ nonstandard distinction to determine whether employees of off–site manufacturers are covered by the prevailing wage law is not determinative, this distinction was also made in WAC 296–127–020. WAC 296–127–020 states that "[s]tandard items for sale on the general market are not subject to the requirements of chapter 39.12 RCW", leading to the conclusion that nonstandard items are covered under RCW 39.12.

ECP does not attack the validity of WAC 296–127–020, but challenges the application of the rule to ECP's manufacture of tunnel liners. The ALJ did not specifically refer to WAC 296–127–020 in applying the prevailing wage law to ECP, basing his holding instead on his determination that ECP was a subcontractor rather than a materialman. However, in reaching this conclusion, the ALJ noted:

We discern then that the requirements of RCW 39.12 that the 'prevailing rate of wage' be paid to laborers, workmen or mechanics upon all public works of the state, or any county, municipality or political subdivision, is applicable to labor performed in an off the job site prefabrication by employees of the prime contractor or *subcontractor provided that the prefabricated product is produced especially for the particular public works project and not merely as a standard item for sale on the general market.*

(Italics ours.) The ALJ stated that "[t]he evidence in this case clearly indicates that although the process of manufacturing the items was unique, nonetheless the tunnel liners were produced to specifications provided by the prime contractor and used specifically on the tunnel project."

In determining that ECP was involved in the manufacture of a nonstandard item, the ALJ was making a finding of fact, rather than a conclusion of law. As such, his determination may be overturned only if it is clearly erroneous. *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 324, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983). A finding of fact is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Sellers,* at 324 (quoting *Ancheta v. Daly,* 77 Wn.2d 255, 259–60, 461 P.2d 531 (1969)). In this case, the tunnel liners were made to measurement specifications provided by Atkinson specifically for the Mt. Baker Tunnel Project. ALJ's finding that the tunnel liners manufactured by ECP were nonstandard items was not clearly erroneous.

## IV

RCW 39.12.020 provides that prevailing wages must be paid to workers "upon all public works". This language must be construed to require application of the prevailing wage requirement to off–site manufacturers, when they are producing nonstandard items specifically for a public works project. In this way the use of cheap labor from distant

areas is avoided and the purpose of RCW 39.12 is not circumvented. Here ECP's manufacture of tunnel liners for the Mt. Baker Ridge Tunnel Public Works Project constituted the manufacture of nonstandard items for a public works project. The ALJ correctly held that ECP was required to pay employees who manufactured the tunnel liners prevailing wages in accordance with the requirements of RCW 39.12.

We affirm his decision.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, GOODLOE, and DURHAM, JJ., concur.