[No. 20455-0-II. Division Two. February 6, 1998.]
THE STATE OF WASHINGTON, *Appellant*, v. JASON J.
McCARTY, *Respondent*.

*Bernardean Broadous, Prosecuting Attorney*, and *John M. Jones, Deputy*, for appellant.

*Robert M. Quillian* and *Thomas E. Doyle*, for respondent (appointed counsel for appeal).

HUNT, J — The State appeals the trial court's order granting Jason J. McCarty a new trial after a jury convicted him of two counts of money laundering. McCarty cross-appeals, arguing that the evidence was insufficient to support his convictions. We reverse the order granting a new trial and affirm McCarty's conviction.

## FACTS

On December 21, 1994, McCarty borrowed $5,000 in cash from a known drug dealer, Steven Conophy. On February 15, 1995, McCarty borrowed another $15,000 in cash from Conophy. Both loans were evidenced by promissory notes that reflected the amounts of the loans and the terms of repayment. At trial, Conophy testified that McCarty knew that Conophy's only source of income was from methamphetamine sales. Conophy also testified that the $5,000 and $15,000 that he lent to McCarty were profits from drug sales. McCarty used this money to purchase cars at car auctions. McCarty was charged with two counts of money laundering under RCW 9A.83.020(1)(a) for conducting a financial transaction with known proceeds of unlawful activity.

At the conclusion of the trial on December 11, 1995, the trial court gave the jury the following instruction on the elements necessary to convict McCarty:

To convict Jason McCarty . . . of the crime of Money Laundering, each of the following elements of the crime must be proved beyond a reasonable doubt:

1. That on or about December 21, 1994 [and February 15,

1995], Jason McCarty conducted or attempted to conduct a financial transaction involving proceeds of specified unlawful activity; and

2. That Mr. Jason McCarty knew the property was proceeds of specified unlawful activity; and

3. That the acts occurred in the State of Washington.

The jury instructions also defined the terms used in the "to convict" instruction, such as "conducts a financial transaction," "financial transaction," "knows the property is proceeds of specified unlawful activity," "proceeds," "property," and "specified unlawful activity." McCarty's attorney did not object to the instructions and proposed only one instruction, which related to the absence of an important witness. On December 11, 1995, a jury convicted McCarty of two counts of money laundering.

On December 22, 1995, McCarty filed a motion for a new trial. On January 31, 1996, McCarty filed a second motion, for arrest of judgment, or in the alternative, a new trial. McCarty's January 31, 1996, motions were based on a Division Two case, *State v. Aitken*, 79 Wn. App. 890, 905 P.2d 1235 (1995), which McCarty argued introduced an additional element to the crime of money laundering: manipulation of proceeds in order to conceal their criminal origin. McCarty also argued that the motions filed on January 31, 1996, were timely. McCarty acknowledged that *Aitken* had been decided on November 30, 1995, before his case went to the jury, but contended that *Aitken* was not actually published until December 26, 1995, making discovery of the case difficult.

On February 14, 1996, the trial court granted McCarty's second motion for a new trial and entered the following findings of fact and conclusions of law:

### I. FINDINGS OF FACT RE: UNDISPUTED FACTS

The Court finds that the following constitute undisputed facts for the purpose of this hearing:

1. On December 4, 1995 a jury trial commenced in Thurston County against the defendant on two counts of money laundering. The Honorable Judge Gordon Godfrey of Gr[a]ys Harbor Superior Court presided.

2. On December 11, 1995, after the evidence phase of the trial had concluded, Judge Godfrey instructed the jury pursuant to the law of Washington of the statutory elements of money laundering as provided under RCW 9A.83.020(1)(a), and the Washington Pattern Jury Instructions for Criminal Law. The defendant took no exception to the instructions as read to the jury on the record by Judge Godfrey.

3. On December 11, 1995, the Thurston County jury returned a unanimous verdict of guilty against the defendant on both counts of money laundering as charged in the State's information under RCW 9A.83.020(1)(a).

4. On January 31, 1996, the defendant filed a motion for arrest of judgment or in the alternative, a new trial.

## II. FINDINGS OF FACT RE: DISPUTED FACT

The Court notes the parties are in dispute as to the following; whether the defendant's motion was timely made; whether the jury was presented legally sufficient evidence of all the elements of money laundering; whether the jury was given proper instructions of the law on the statutory crime of money laundering; whether the language in [Aitken] discloses a material element for the crime of money laundering; and, whether the State failed to disclose evidence favorable to the defendant.

1. The Court finds the defendant's motion was timely due to the specific facts of this case and the holding and publication of [Aitken].

2. The Court finds the State established that the money was gained from illegal activity, that the proceeds were given to the defendant, that the defendant's financial records and transactions could be interpreted by the jury as utilizing the money as indicated by statute.

3. The Court finds that the jury was properly instructed on the elements of money laundering.

4. The Court finds that [*Aitken*] does illuminate a guiding instruction for the jury, as indicated, for the manipulation of the funds, and such an instruction was not given to the jury.

5. Finally, the Court finds that due to other express findings by the court, the discovery motion was moot.

## III. CONCLUSIONS OF LAW

Based upon the above findings of fact and the applicable legal principles, the Court makes the following conclusions of law:

1. That the defendant's motion was timely.

2. That the jury was presented legally sufficient evidence of all the elements of money laundering.

3. That no constitutional error existed, and the jury was given proper instructions of the law on the elements of the crime of money laundering.

4. That substantial justice was not done in this trial, because, no illuminating instruction, as indicated in [*Aitken*] was given to the jury.

5. That the discovery motion was moot.

The State appeals the trial court's order granting McCarty a new trial, arguing that (1) the trial court predicated its decision on an erroneous interpretation of RCW 9A.83.020(1)(a) and *Aitken*; and (2) the trial court abused its discretion when it extended the 10-day time limit for filing a motion for a new trial. On cross-appeal, McCarty argues that the evidence was insufficient to support his convictions of money laundering because there was no evidence that he manipulated illegal proceeds to conceal the source of the proceeds. McCarty also contends that the trial court erred by denying his motion for arrest of judgment.

## ANALYSIS

### A. Standard of Review

■ We will reverse a trial court's grant of a new trial

only for abuse of discretion or when the trial court's decision is "predicated on an erroneous interpretation of the law." *State v. Robinson*, 79 Wn. App. 386, 396, 902 P.2d 652 (1995) (citing *State v. Carlson*, 61 Wn. App. 865, 871, 812 P.2d 536 (1991)). An abuse of discretion exists when the trial court acted on untenable grounds or for untenable reasons. *Robinson*, 79 Wn. App. at 396 (citing *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

## B. Trial Court's Interpretation of the Law

### 1. RCW 9A.83.020(1)(a)

Assuming, arguendo, that McCarty's motion was timely, the trial court erred in granting a new trial.[1] Criminal Rule 7.6 provides that "[t]he court on motion of a defendant may grant a new trial for any one of the following causes when it affirmatively appears that a substantial right of the defendant was materially affected . . . [t]hat substantial justice has not been done." CrR 7.6(a)(8). The State argues that the trial court predicated its decision to grant the defendant's motion for a new trial on an erroneous interpretation of RCW 9A.83.020(1)(a) and *Aitken*.

To resolve whether the trial court's decision to grant a new trial was predicated on an erroneous interpretation of the law, this court examines RCW 9A.83.020(1)(a) and *Aitken* to determine whether it is essential, in a trial for money laundering pursuant to RCW 9A.83.020(1)(a), to instruct the jury on *manipulation of illegal proceeds* to conceal their criminal origin.

RCW 9A.83.020 provides in pertinent part:

> (1) A person is guilty of money laundering when that person conducts or attempts to conduct a financial transaction involving the proceeds of specified unlawful activity and:

---

[1]The State argues that the trial court abused its discretion when it allowed McCarty an additional 41 days to file his second motion for a new trial. We need not reach this issue, in light of our ruling on the substantive issue.

(a) Knows the property is proceeds of specified unlawful activity;[2] or

(b) Knows the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds, and acts recklessly as to whether the property is proceeds of specified unlawful activity; or

(c) Knows that the transaction is designed in whole or in part to avoid a transaction reporting requirement under federal law.

(2) In consideration of the constitutional right to counsel afforded by the Fifth and Sixth amendments to the United States Constitution and Article 1, Section 22 of the Constitution of Washington, *an additional proof requirement is imposed when a case involves a licensed attorney who accepts a fee for representing a client in an actual criminal investigation or proceeding.* In these situations, the prosecution is required to prove that the attorney accepted proceeds of specified unlawful activity with *intent:*

*(a) To conceal or disguise the nature, location, source, ownership, or control of the proceeds, knowing the property is proceeds of specified unlawful activity; or . . . .*

RCW 9A.83.020 (emphasis added).

The terms used in RCW 9A.83.020 are defined in RCW 9A.83.010, which provides in pertinent part:

(3) "Financial transaction" means a purchase, sale, *loan*, pledge, gift, transfer, transmission, delivery, trade, deposit, withdrawal, payment, transfer between accounts, exchange of currency, extension of credit, or any other acquisition or disposition of property, by whatever means effected.

(4) "Knows the property is proceeds of specified unlawful activity" means believing based upon the representation of a law enforcement officer or his or her agent, or knowing that the property is proceeds from some form, though not necessarily which form, of specified unlawful activity.

. . . .

---

[2]The defendant was convicted of violating RCW 9A.83.020(1)(a).

(7) "Specified unlawful activity" means an offense committed in this state that is a class A or B felony under Washington law or that is listed in RCW 9A.82.010(14), or an offense committed in any other state that is punishable under the laws of that state by more than one year in prison, or an offense that is punishable under federal law by more than one year in prison.

RCW 9A.83.010.

 "The purpose of statutory interpretation is to determine and give effect to legislative intent." *Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997) (citing *In re Electric Lightwave, Inc.*, 123 Wn.2d 530, 536, 869 P.2d 1045 (1994)). "[L]egislative intent should be derived primarily from the statutory language." *Duke*, 133 Wn.2d at 87 (citing *Electric Lightwave, Inc.*, 123 Wn.2d at 536; *Everett Concrete Prods., Inc. v. Department of Labor & Indus.*, 109 Wn.2d 819, 822, 748 P.2d 1112, 7 A.L.R.5TH 1086 (1988)). According to the plain language of RCW 9A.83.020(1)(a), manipulation of illegal proceeds in order to conceal their criminal origin is not an essential element of the offense.[3] Mere knowledge that the proffered property is proceeds of unlawful activity is all that this statutory subsection requires.

 This conclusion is also supported by the statute when read as a whole. The Legislature added an intent element, "intent . . .[t]o conceal or disguise" the source of the illegal proceeds, to 9A.83.020(2)(a), which is limited to licensed attorneys who accept fees for representing clients.[4] The Legislature omitted intent as an element of non-attorney money laundering offenses under RCW 9A.83.020(1)(a). It is axiomatic that " '[w]here the Legislature uses certain statutory language in one instance, and different language

---

[3]The trial court found that manipulation of the proceeds was not an element of the crime charged. Nonetheless, the court decided that the jury should have been instructed on this element, based on *Aitken*.

[4]In this case, McCarty was also Conophy's attorney. But, he was not charged under RCW 9A.83.020(2)(a) because the money McCarty received from Conophy was a loan and not a fee for representation.

in another, there is a difference in legislative intent.' " *In re Detention of Swanson*, 115 Wn.2d 21, 27, 804 P.2d 1 (1990) (quoting *United Parcel Serv., Inc. v. Department of Revenue*, 102 Wn.2d 355, 362, 687 P.2d 186 (1984)).

Because the Legislature specifically included "intent to conceal or disguise" proceeds' illegal origin under subsection (2)(a) of RCW 9A.83.020, but not under subsection (1)(a), it follows that the Legislature did not intend "manipulation with intent to conceal" illegal origin to be an element of money laundering under subsection (1)(a), pursuant to which McCarty was charged.

2. *Aitken*

In *Aitken,* we analyzed the legislative intent behind RCW 9A.83.020(1). Aitken was convicted of money laundering because he presented a withdrawal slip under an assumed name for an account containing no funds. We determined that the evidence was insufficient to support a conviction for money laundering under RCW 9A.83.020(1)(a) because there were no funds in the account to "launder" or to manipulate. Because Aitken was convicted based on an *attempt* to withdraw non-existent funds, we noted there must be evidence that Aitken took a "substantial step" toward commission of a transaction prohibited under the money laundering statute. *Aitken*, 79 Wn. App. at 899.

We next determined that a defendant cannot commit the crime of money laundering under RCW 9A.83.020(1)(a), unless there is evidence, at a minimum, that the defendant attempted manipulation of actual proceeds of some unlawful activity in order to conceal their criminal origin. We based this dictum on the Legislature's Final Bill Report, which states that:

> Money laundering occurs when a person manipulates the proceeds of some form of unlawful activity in order to conceal their criminal origin and make the proceeds appear legitimate. The actual process of money laundering can take place in a wide variety of ways.

*Aitken*, 79 Wn. App. at 901 (quoting 1992 FINAL LEGISLATIVE

REPORT, 52d Wash. Leg. at 99); Second Substitute S.B. 5318 (1992). Because Aitken could not have "manipulated" nonexistent "proceeds" for any purpose, criminal or otherwise, we found the evidence insufficient to convict him of money laundering, but affirmed his conviction for forgery. *Aitken*, 79 Wn. App. at 901.

McCarty argues in essence that *Aitken* redefined the crime of money laundering, introducing a new element: manipulation of illegal proceeds in order to conceal the source. He further contends that *Aitken* requires an "illuminating" instruction on manipulation with intent to conceal. This interpretation of *Aitken* is misguided. We referred to that language from the Final Bill Report, not to add an element to the clear language of the statute, but to illustrate why the facts in *Aitken* did not constitute laundering: There was no money in the account to withdraw or otherwise to manipulate.

In short, we held in *Aitken* that in order to convict a defendant of money laundering based on an attempted financial transaction, there must be some actual unlawfully obtained proceeds to "launder" or to manipulate. We did not add an element to the Legislature's definition of money laundering in RCW 9A.83.020. *Accord State v. Casey*, 81 Wn. App. 524, 915 P.2d 587 (upholding a money laundering verdict despite a lack of evidence that the defendant manipulated illegal proceeds to conceal the source), *review denied*, 130 Wn.2d 1009, 928 P.2d 412 (1996).[5]

RCW 9A.83.020(1) does not require that a defendant

---

[5]Casey was convicted of theft by deception and money laundering based on evidence that he made truck payments with the proceeds of his theft by deception. The issue before the court was whether this evidence was sufficient to support a money laundering conviction under RCW 9A.83.020(1)(a). The court focused on whether all the truck payments had to be traced to criminal activity, or whether it was sufficient to prove that only some of the funds were from an illegal source. The court ruled that "[i]n order to convict Casey of laundering money, the jury had to find that he knowingly conducted a financial transaction involving the proceeds of theft by deception." *Casey*, 81 Wn. App. at 531. The court noted that RCW 9A.83.020(1)(a) punished a broader range of conduct than its federal counterpart because, unlike the analogous federal provision, 18 U.S.C. § 1956 (1994), *"it does not require that the transaction be made with intent to conceal the illegal source of the funds." Casey*, 81 Wn. App. at 531 n.18 (emphasis added). The court affirmed Casey's money laundering conviction, concluding that the evidence sup-

actually manipulate funds to conceal the illegal source; a mere *"attempt*[ ] to conduct a financial transaction" is sufficient. (Emphasis added.) Thus the trial court correctly instructed the jury on the elements of money laundering; it subsequently erred by granting a new trial.

## C. Sufficiency of the Evidence and Denial of Motion for Arrest of Judgment

Because "manipulation of funds with intent to conceal the origin" is not an essential element of the crime of money laundering, McCarty's cross-appeal argument that there was insufficient evidence of this element is without merit. His argument that the trial court should have granted his motion for arrest of judgment is likewise without merit.

Accordingly, we reverse the trial court's grant of a new trial and affirm the jury's verdict convicting McCarty of two counts of money laundering.

BRIDGEWATER, A.C.J., and ARMSTRONG, J., concur.

Review denied at 136 Wn.2d 1003 (1998).

ported a finding that the transactions involved at least some funds derived from theft.