[No. 38827-4-I. Division One. September 8, 1998.]

STEVE HELLER, *Appellant*, v. McCLURE & SONS, INC., *Respondent*.

---

*Peter G. Cogan*, for appellant.

*William B. Moore*, for respondent.

*Christine O. Gregoire, Attorney General*, and *Martha P. Lantz, Assistant*, on behalf of Department of Labor and Industries, amicus curiae.

Cox, J. — Washington's prevailing wage statute[1] requires that employers pay the prevailing wage to their laborers, workers, or mechanics upon all public works of the State or political subdivisions that are created by its laws. Because Steve Heller, a mechanic, performed work that qualified under the statute, we reverse the dismissal of his wage claim and remand with instructions.

---

[1]RCW 39.12.

In late December 1993, Heller began working full time as a heavy equipment mechanic for McClure & Sons, Inc. at an agreed hourly wage. Shortly thereafter, Heller switched to working part time for McClure. In the course of this employment, Heller's primary responsibility was to repair, service, and maintain various pieces of McClure's construction equipment. McClure owned the equipment and utilized it on various construction projects. These included, at times, five public works projects for municipalities. From time to time, it was expedient for Heller to travel from McClure's shop to the sites of these public works projects to perform his work on McClure's construction equipment. At other times, Heller performed the work at Mc-Clure's shop.

Based on disputes between the parties that are not relevant to this appeal, Heller stopped working for McClure in April 1995. It is undisputed that Heller received the full amount of compensation due him under the terms of his agreement with McClure.

In May 1995, Heller commenced this action against Mc-Clure.[2] He claimed that he was entitled to receive the "prevailing wage," not his agreed upon hourly wage, for the work he performed on construction equipment that was used on various public works projects where McClure had contracted to perform work. Heller sought additional compensation for his work on this equipment, both at the public works project sites and at McClure's shop.

At the conclusion of a bench trial, the court dismissed Heller's claim for additional wages.

Heller appeals.

## I. Scope of the Prevailing Wage Statute

The question we must decide is whether the work Heller

[2]RCW 39.12.065 states, in relevant part: "A complaint concerning nonpayment of the prevailing rate of wage shall be filed with the department of labor and industries no later than thirty days from the acceptance date of the public works project. *The failure to timely file such a complaint shall not prohibit a claimant from pursuing a private right of action against a contractor or subcontractor for unpaid prevailing wages.*" (Emphasis added.)

performed on McClure's construction equipment that was located at the sites of various public works projects must be compensated at the prevailing wage rate. We hold that Heller's work as a mechanic on the sites of the public works projects was directly related to the prosecution of the work that McClure contracted to perform and necessary for the completion of that work. Accordingly, Heller must be compensated at the prevailing wage rate. Because Heller conceded, in his reply brief and at oral argument, that he has abandoned his claim with respect to work he performed away from the sites of the public works projects, we decline to decide if that work is likewise compensable at the prevailing wage rate.[3]

▮ The question presented here requires us to apply our prevailing wage statute to undisputed facts. In doing so, we review de novo the trial court's application of the statute to these facts.[4] If a statute is ambiguous, we apply the tools of statutory construction.[5] Our aim is to give effect to the intent and purpose of the Legislature.[6]

▮ RCW 39.12.020 states, in relevant part, that:

> The hourly wages to be paid to laborers, workers, or mechanics, *upon all public works* . . . of the state or any county, municipality or political subdivision created by its laws, shall be not less than the prevailing rate of wage for an hour's work in the same trade or occupation in the locality within the state where such labor is performed.[7]

Washington's prevailing wage statute is modeled on the

---

[3]The Department of Labor and Industries states in its amicus brief that the issue of whether off-site work is compensable is not before us. We agree.

[4]*State v. Tatum*, 74 Wn. App. 81, 86, 871 P.2d 1123, *review denied*, 125 Wn.2d 1002 (1994).

[5]*State v. Bash*, 130 Wn.2d 594, 601-02, 925 P.2d 978 (1996).

[6]*State v. Hennings*, 129 Wn.2d 512, 522, 919 P.2d 580 (1996).

[7](Emphasis added.)

federal Davis-Bacon Act, 40 U.S.C. § 276a.[8] Although the Washington and federal statutes have some important textual differences, cases and regulations interpreting Davis-Bacon may be helpful to our analysis of RCW 39.12.[9]

■ ■ The purposes of both acts are: (1) to protect employees working on public projects from substandard wages and (2) to preserve local wages.[10] In keeping with these stated purposes, it is the worker, not the contractor, who is the intended beneficiary of the statute.[11] RCW 39.12 is remedial and must be construed liberally in order to fulfill its purposes.[12]

Government contracts must generally be awarded to the lowest responsible bidder.[13] The prevailing wage law is designed to discourage contractors on public works projects from paying substandard wages to the classes of their workers that are described in the act to underbid competition. A parallel purpose of the act is to prevent the depression of prevailing wages in the area of public works projects. These dual purposes are best served by applying a more flexible standard than that apparently applied by the trial court here.

■ The phrase "upon all public works" is the focus of our analysis. The question here is whether Heller's work on equipment owned by McClure and used at the several public works sites is within the scope of that phrase. That phrase is undefined in the statute, and no Washington case authority directly addresses the limits of its scope. We must therefore apply rules of statutory construction to determine the Legislature's intent.

---

[8]*Everett Concrete Prods., Inc. v. Department of Labor & Indus.*, 109 Wn.2d 819, 823-24, 748 P.2d 1112 (1988).

[9]*Id.* at 824.

[10]*Id.* at 823.

[11]*Id.*

[12]*Id.*

[13]*See* RCW 35.23.352 (cities); RCW 36.32.250 (counties).

In *Everett Concrete*,[14] our Supreme Court considered the scope of this phrase in comparison with a similar provision in the Davis-Bacon Act. In the federal act, coverage is limited to workers "employed *directly* upon the site of the work."[15] According to the *Everett Concrete* court, our Legislature's elimination of the word "directly" from the state statute means that the scope of our prevailing wage law is broader than that of Davis-Bacon.[16] The question here is whether Heller's work activities fall within the broader scope of the state act.

McClure argues that the trial court was correct in concluding that Heller's equipment repair and maintenance work was not covered by the act because it was not incorporated into the public works projects. In making this argument, it relies on this court's decision in *Superior Asphalt & Concrete Co. v. Department of Labor & Indus.*[17]

But *Superior Asphalt* does not support McClure's argument. At issue there was WAC 296-127-018, which states that workers who deliver gravel to a public work site and "incorporat[e] the materials into the project" are entitled to a prevailing wage for that work.[18] Considering whether the regulation exceeded the scope of our prevailing wage law, this court concluded that the phrase "upon all public works" was broad enough to cover such workers.[19] But the court did not find that the incorporation of materials into

---

[14]109 Wn.2d 819.

[15]40 U.S.C. § 276a (emphasis added).

[16]*Everett*, 109 Wn.2d at 826. Federal courts have also determined that the presence of the word "directly" in the federal act restricts the scope of its coverage. *See, e.g., Building & Constr. Trades Dep't v. United States Dep't of Labor Wage Appeal Bd.*, 932 F.2d 985 (D.C. Cir. 1991) (invalidating Department of Labor rule that purported to extend Davis-Beacon coverage to off-site material truck drivers, 29 C.F.R. § 5.2(j)); *Ball, Ball & Brosamer, Inc. v. Reich*, 24 F.3d 1447 (D.C. Cir. 1994) (invalidating another Department of Labor rule that extended coverage to off-site workers, 29 C.F.R. § 5.2(l)).

[17]84 Wn. App. 401, 929 P.2d 1120 (1996), *review denied*, 132 Wn.2d 1009 (1997).

[18]WAC 296-127-018(2)(a).

[19]*Superior Asphalt*, 84 Wn. App. at 410.

the project was necessary for coverage. It expressly declined to reach the issue of whether *mere delivery* of gravel to a public works project site would be covered by the act.[20]

McClure offers no authority, in the act or case law interpreting it, that supports its view that only work that is physically incorporated into a public works project is compensable at the prevailing wage rate. Absent any authority, we decline to impose such a limitation on the scope of our prevailing wage act.

▮ Rather, the better view is that those workers on public works projects who are classified as "laborers, workers, or mechanics" are entitled to the prevailing wage when their work directly relates to the prosecution of the work that is contracted to be performed and necessary for the completion of that work. For example, the industrial statistician from the Department of Labor and Industries who testified at trial noted that a construction surveyor performs work that the department views as covered by the prevailing wage act, notwithstanding the fact that the survey work is not incorporated into the project itself.

▮ Here, there is no dispute that Heller's work on McClure's construction equipment at the sites was required in order for McClure to perform the work it had contracted to do. In this sense, Heller's work was both directly related to the prosecution of the contracted work and necessary for its completion.

We believe this standard best achieves the legislative intent of avoiding payment of substandard wages to covered workers and preventing the depression of local labor wage rates. We also believe that such a standard is completely consistent with the act's remedial purposes.

▮ Our view appears to be consistent with that of the state Department of Labor and Industries,[21] whose views as

---

[20]*Id.*

[21]It is unclear from our review of the record whether the trial judge was fully apprised of the Department of Labor and Industries' position. In its amicus brief

the enforcers of the act we give some deference.[22]

 McClure also argues that Heller's repair work is excluded from the term "public work" by WAC 296-127--010(7), which states:

> (b) The term "public work" shall not include: . . .

> (iii) Ordinary maintenance which is defined as work not performed by contract and that is performed on a regularly scheduled basis . . . to service, check, or replace items that are not broken; or work not performed by contract that is not regularly scheduled but is required to maintain the asset so that repair does not become necessary.

This provision is not applicable here. The purpose of WAC 296-127-010 is to clarify which types of projects undertaken by the state or a municipality are "public works" and which are not. But here, it is undisputed that the sites where Heller performed repair work on McClure's equipment were "public works."

In sum, we conclude that Heller's work on the public works project sites must be compensated at the prevailing wage.

## II. Prevailing Wage Rate

The remaining questions are what prevailing wage rate applies to Heller's work and how many hours are compensable at that rate.

The trial court did not make any findings respecting what

---

before this court, the department stated its opinion that Heller is entitled to a prevailing wage for his work on the sites of the several public works projects. In support of this position, it relied on two decisions by the Wage Appeal Board of the Department of Labor, i.e., *In re Griffith Co.*, 1965 WL 8116 (deciding that employees of equipment rental dealer covered by act when they go on public works project sites to repair equipment) and *In re Vecellio & Grogan, Inc.*, 1984 WL 161749 (repair shop employees covered when they come on site to set up repair, and tear down equipment).

[22]*Construction Indus. Training Council v. Seattle Bldg. & Constr. Trades Council*, 129 Wn.2d 787, 799, 920 P.2d 581 (agency's interpretation is given deference on review only if the statute is ambiguous and the agency is charged with its administration and enforcement), *cert. denied*, 117 S. Ct. 1693 (1997).

prevailing wage rate applied. This is not surprising because the court determined, in error, that the work was not covered by the prevailing wage act.

As part of its written findings and conclusions, the court determined that Heller failed to show that he fell within either of two prevailing wage job categories.[23] But the categories stated in the written findings and conclusions do not appear to have any relationship to the two categories that were the subjects of testimony at trial: Power Equipment Operator-Mechanics, All (Welders) and Industrial Engine and Machine Mechanic. If there is some explanation for this discrepancy, it is not obvious from the record before us.

■■ ■■ The prevailing wage is defined as "not less than the prevailing rate of wage for an hour's work in the *same trade or occupation* in the locality within the state where such labor is performed."[24] Thus, the determination of the proper category for Heller's work and the number of hours attributable to that work on the various sites must be determined by the court.

The court also did not reach the issue of how many hours Heller performed work on the public works sites.

Because we conclude that Heller is entitled to compensation at the prevailing wage rate for those hours he worked on the public works project sites, we remand to the trial court for a determination of the applicable prevailing wage rate. We also remand for the court to determine the number of hours for which Heller is entitled to that rate of compensation.

If the trial court determines that Heller is entitled to ad-

---

[23]Conclusion of law 2 states: "Heller's [sic] failed to establish that the predominant activities of his trade or occupation as a heavy equipment mechanic were the same as the predominant activities of a *construction equipment operator* or *truck driver [mechanic]* and there is no basis for concluding that Heller is entitled to additional compensation equivalent to the prevailing wage earned by the trades of construction equipment operators or truck drivers." (Emphasis added.)

[24]RCW 39.12.020 (emphasis added).

ditional wages, it shall also determine his entitlement to attorney fees for trial and appeal under RCW 49.48.030.

In its reply to the Department of Labor and Industries' amicus brief, McClure advanced several new arguments. Because these arguments address matters beyond the scope of the amicus brief, we do not consider them.[25]

We reverse and remand with instructions.

KENNEDY, C.J., and ELLINGTON, J., concur.

Review denied at 137 Wn.2d 1028 (1999).